HOLBROOK & BRO. v. OBERNE, McDANIELD & CO. ET AL.

1. **Partnership**: REQUISITES OF: SHARING IN LOSSES. One who receives a share of the profits of a business in payment for his services in managing the same, but does not share in the losses, is not a partner therein.

2. **Agency**: PROOF OF COURSE OF DEALING. Evidence considered and held insufficient to establish such a course of dealing as would justify a third person in presuming that an employe had authority to sell property of his employers and receive payment for the same.

*Appeal from Pottawattamie District Court.*

TUESDAY, JUNE 14.

ACTION AT LAW. Trial to the court, judgment for the plaintiffs, and defendants appeal.

*Phillips, Goode & Phillips*, for appellants.

*Monk & Selleck*, for appellees.

SEEVERS, J. The contention of the parties may be thus stated: The plaintiffs were the owners of a tannery and claim to have employed one Horning to manage and operate the same for them; that certain hides were purchased to be manufactured into leather at said tannery, and that Horning without the knowledge or consent of the plaintiffs sold said hides to the defendants, and this action was brought to recover the value thereof.

The defendants paid Horning for the hides and claim they were justified in doing so because Horning was a partner of plaintiffs in said business, or, if this be not so, Horning was the general agent of the plaintiffs, and that defendants were fully warranted from the acts and conduct of the plaintiffs in believing Horning had authority to sell the hides and receive the proceeds. As to these questions we have to say:

I. As to the partnership. There was not in fact any

contract of partnership entered into between the plaintiffs

**1. PARTNER-SHIP : requisites of : sharing in losses.** and Horning. The plaintiffs were unacquainted with the tanning business. Horning was, and he was employed by plaintiffs to manage the business, the agreement being that he was to receive for his services twenty-five dollars per month and one-half the profits, but he was not to share in the losses.

We think the court below rightly held this did not make Horning a partner in the business with the plaintiffs. At most Horning was an employe, and was to receive a share of the profits as a part of his compensation for conducting the business. Such a person is not a partner. *Bradley v. White et al.*, 10 Met., 303; Collyer on Partnership, § 34 and authorities cited.

II. The evidence satisfactorily shows Horning was the general agent of the plaintiffs to purchase hides, superintend

**2. AGENCY: proof of : course of dealing.** the manufacture of the same into leather, and to generally manage the tanning business, but the evidence fails to show Horning had any authority to sell hides after the same had been purchased for use at the tannery, except that he sold a lot of hides to a branch house of the defendants at Sioux City. Such sale was made with the knowledge and consent of the plaintiffs. Horning also sold another small lot of hides, about which the plaintiffs had no knowledge except there is an entry on their books so showing. With the knowledge of the plaintiffs, Horning exchanged some leather for wood to be used in the tannery. The foregoing are the only sales of hides or leather that were made by Horning, who entered the employment of the plaintiffs in July, 1878, and the hides in question were sold to the defendants in July, 1879.

The general mode of doing the business was for Horning to purchase hides, and when the same were manufactured into leather ship the same to a commission house in Chicago for sale on account of the plaintiffs. Such being the material facts we cannot say the court erred in holding the plaintiffs

had not held Horning out to the world as having authority
to sell hides and receive the proceeds thereof. No such gen-
eral course of dealing has been established as to warrant the
opposite conclusion. At most there were only three transac-
tions of that character within a year, and we are unable to say
the defendants had knowledge at the time they made the
purchase of more than one of them, if that. So far as the de-
fendants are concerned we are unable to find that plaintiffs
did more than place Horning in charge of the establishment
and permit him to make the sale to the Sioux City purchaser.
We do not think this should be held sufficient to deprive the
plaintiffs of property which undoubtedly belonged to them,
and which was shipped by Horning from the tannery to
Council Bluffs and there sold.

AFFIRMED.