A. H. PORTER v. CURTIS, MORRIS & DIVER, Appellants.

**Partnership.**   A contract which undertakes to pay a sum stated and a share in net profits for services to be rendered is a contract of employment and not of partnership.

*Appeal from Lee District Court.—*HON. J. M. CASEY, Judge.

TUESDAY, JANUARY 21, 1896.

Action upon a written contract to recover for services as engineer and draftsman, and for money paid out and expended for defendants' benefit. There was a trial before the court, without a jury, and a judgment for the plaintiff. The defendant Diver appeals.—*Affirmed.*

*Gibson Browne* for appellants.

*D. F. Miller* and *A. N. Porter* for appellee.

Rothrock, C. J.—The written contract upon which the action is founded is as follows: "Memorandum of agreement made and entered into this 4th day of April, 1884, by and between Curtis, Morris & Diver, of the first part, and A. H. Porter, of Cleveland, Ohio, of the second part, witnesseth: For and in consideration of a salary of twelve hundred dollars ($1,200) per annum, paid by the party of the first part to the party of the second part, and a further consideration of one-sixth (1-6) in the net profit of the business of the said firm of Curtis, Morris & Diver for one year from this date, the said A. H. Porter hereby covenants and agrees to devote his time and attention to their business as engineer and draftsman, and attend the letting when

it may become necessary. This contract is to remain in force for the period of one year from this date, as above written. Witness our hands. Curtis, Morris & Diver. A. H. Porter." The defendant Diver answered the petition by the claim that the above contract was the creation of a partnership between the plaintiff and the partnership of Curtis, Morris & Diver; and that Porter, being a partner, was not only entitled to a share of the profits, but that he was liable for losses, and, during the time of Porter's service in the firm, there was no profit, but a large loss; and that, therefore, there is nothing due to the plaintiff for his services and expenses; and he demands that the contract be reformed so as to express the actual undertaking of the plaintiff. As a reformation of the contract was prayed, the cause was tried as in equity, and it is here for trial anew.

It is very plain that the contract, as expressed in the writing, is not a contract of partnership. It is a hiring at a stated salary of twelve hundred dollars a year, and a share of the profits. Porter undertook to devote his time to the business of the defendants as an engineer and draftsman, and attend the letting when it became necessary. It is well settled in this state that a mere participation in the profits of a business does not constitute a partnership as between the parties. There must be a sharing of the losses. *Price v. Alexander*, 2 G. Green, 431; *Williams v. Soutter*, 7 Iowa, 445; *Munson v. Sears*, 12 Iowa, 178; *Holbrook v. Oberne*, 56 Iowa, 324 (9 N. W. Rep. 291); *Winter v. Pipher*, 96 Iowa, 17 (64 N. W. Rep. 663). The last-named case is absolutely decisive of the question when applied to the contract in the case at bar.

The remaining question to be determined is whether, by a preponderance of the evidence, it is made to appear that there was a mistake in the writing, and that, by such mistake, the instrument does

not express the contract actually entered into by the parties. We will not set out the testimony of the witnesses. Some stress is laid upon the fact that there was a memorandum at the bottom of the contract below the signatures which was intended to express the amount of the salaries of the several parties to the contract, and the amount to be paid to a clerk, and traveling expenses. We think this memorandum is of no significance in construing the contract. Its purpose was to show what should be deducted from the gross receipts, that it might thereby be determined what sum the plaintiff would be entitled to receive from the profits of the business. We are well satisfied that there was no ground for reforming the contract as prayed for in the answer. The evidence falls far short of making a case for reformation.

This disposition of the case renders it unnecessary to determine other questions discussed by counsel. The judgment of the district court is *affirmed*.