## Henry V. Pierpont v. Edwin O. Lanphere (Chicago Title and Trust Company, Conservator, etc.,) et al.

1.  Contracts—*Prior Understandings or Agreements Merged in the Written Instrument.*—Intention of the parties is not to be determined from previous understandings or agreements, but must be ascertained from the instrument itself, which they execute as their final agreement.

2.  Partnership—*Participation in Profits a Presumption of Law.*— There is no absolute rule of law that a participation in the profits renders the participant a partner. It is only a presumption of law which prevails in the absence of controlling circumstances, but is controlled by them.

3.  Same—*Share of Profits as a Measure of Compensation for Services Does Not Create.*—Where the sharing in the profits is merely the measure of compensation for services, or for the use of property or money in the business, or by one acting merely as an employe, partnership liability is not thereby created. There must be such a relation between the parties as that each of them is a principal and each an agent for the other.

**Bill for an Accounting, Dissolution of Partnership and Injunction.**—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 28, 1902.

**Statement.**—This is an appeal from a decree dismissing, for want of equity, a bill for an accounting, dissolution of partnership and injunction.

The bill alleges that, prior to December 3, 1890, Edwin O. Lanphere, by falsely representing to appellant that he had arranged for resales of most of certain real estate, and that a large profit could be made by purchasing said property and consummating such resales, induced appellant to enter into an agreement whereby he and Lanphere became equal partners in the profits to be derived from the purchase and resale of the property in question, appellant to furnish the money required and take title to the property and Lanphere to handle and resell the property, and collect and account for the proceeds, the profits to be divided equally; and that, pursuant to such arrangement, appellant

furnished the money for the cash payment, gave his $3,700 note, dated December 3, 1890, due on or before ten years, and secured by trust deed on the property, for the deferred payment, and acquired title to the property; that at first the partnership agreement was oral, but afterward Lanphere asked appellant to give him some memorandum to show that he was entitled to half the profits which might be derived from sale of the property, whereupon Pierpont signed and delivered to Lanphere the following instrument:

" Whereas, I have purchased and hold title to the south three and five one-hundredths (S. 3 5-100) acres of block fourteen (14) in Hart L. Stewart's subdivision of the southwest quarter (S. W. ¼) of section one (1), township thirty-eight (38) north, range thirteen (13), east of the third (3rd) principal meridian, and propose to subdivide the same, and E. O. Lanphere proposes to take said property and handle it;

Now, therefore, in consideration of his doing so, and the selling of the same, I hereby agree, after taking out of the proceeds all moneys I shall have paid out on account thereof, together with interest at the rate of six per cent per annum, to divide any profits realized from the sale thereof equally with said Lanphere.

Dated July 6th, 1881.

H. V. PIERPONT."

The bill further alleged that after making said agreement appellant learned that Lanphere's representations about values and resales were untrue, and were intended to and did deceive appellant into embarking upon said enterprise, and that no part of said property had been sold; that Pierpont paid the taxes on the property from 1890 to 1900, and interest on said $3,700 note from its date to June 3, 1900, amounting to $2,109, understanding always that said note was owned by one Ellen Costello, the payee; but that, within a month of the filing of the bill (December 22, 1900), appellant learned that Lanphere had acquired said note about January, 1895, for not exceeding $2,000 (the precise amount being unknown to appellant), and since that time had collected from appellant interest on the face of the note, although Pierpont's partner, and hence only entitled to col-

lect the amount actually paid for the note, with interest; and Lanphere even now denies that he acquired the note for less than $3,700. The bill alleged that Lanphere is now the legal owner and holder of the note; that Frank Asbury Johnson claims some interest therein, unknown to Pierpont, but is not an innocent holder thereof for value before maturity, and that Lanphere is insolvent.

The defendant Lanphere answered, denying the partnership alleged in the bill, and that he represented to appellant that resales had been arranged for any part of the property in question; denying that he had purchased the $3,700 note for not to exceed $2,000, but averring that he purchased it for full value; denying that at any time prior to purchase of said real estate there was any partnership agreement between himself and Pierpont. He states that as agent for the then owner he offered the land in question to appellant, who bought it through him, paying part cash and giving the note in controversy for the balance of the purchase money; that shortly prior to July 6, 1891, Pierpont desired Lanphere to undertake the subdivision and sale of the property for half the profits, as his compensation therefor in lieu of the usual commissions, and Lanphere assented thereto, whereupon said memorandum of July 6, 1891, was executed and Lanphere entered upon that work, but that Pierpont never made and recorded a subdivision, and the memorandum of July 6, 1891, was not intended to and did not create a partnership. He denied making any statements concerning the property beyond an expression of his opinion as a real estate dealer.

Upon hearing, the Superior Court dismissed the bill, and from that decree this appeal is prosecuted.

HILLIS & McCOY, attorneys for appellant.

ASHCRAFT & ASHCRAFT, attorneys for appellees; E. M. ASHCRAFT, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.
The material question presented for determination is

whether the arrangement between Lanphere and appellant created as between themselves a partnership. in the land. The bill alleges that the parties entered into an oral agreement whereby they became equal partners in the profits to be derived from the purchase and resale of certain real estate. It is charged that appellant was induced to make the arrangement by false representations of Lanphere that he had arranged to resell most of the property; that it was practically all sold, and that a large profit could be made from the purchase. Conceding that these representations proved untrue or mistaken, even if they be deemed false statements as to matters of fact, and not mere expressions of opinion by a real estate agent anxious to make a sale, the real question now is, not what induced appellant to make the purchase, but whether it was made by the parties as partners in the purchase of the land and not merely in the profits to be derived from its sale.

There is no contradiction in the testimony. The defendant Lanphere appears to have been incapacitated mentally at the time of the hearing. The testimony in behalf of appellant is to the effect that Lanphere wanted some one to furnish the money to purchase the property, Lanphere to do the work and retail it; and that it was agreed finally with appellant that the latter should furnish the money, to be repaid to him out of the proceeds of sales, with interest at six per cent, and take the title as security, Lanphere to attend to selling and fix prices, the profits to be divided equally. This is said to have been the oral agreement under which the land was purchased December 3, 1890. But it is not the agreement expressed in the written memorandum signed by appellant more than six months thereafter, July 6, 1891, which purports to state the exact nature of Lanphere's interest. By that memorandum appellant states that he has purchased and holds title to the property in question, not that the purchase had been made by the alleged partnership; that he, appellant, proposes to subdivide and Lanphere " proposes to take said property and handle it; " and that in consideration of Lanphere's " doing

so and selling the same" he, the appellant, agrees, after reimbursing himself out of the proceeds, "to divide any profits realized from the sale thereof equally with said Lanphere." This clearly does not indicate a partnership in the land and is not consistent therewith. It is an agreement by appellant to compensate Lanphere for selling the land by giving him half of any profits realized from the sale. Appellant testifies that as originally drawn, the memorandum contained the words "within one year from this date," as the time within which the land was to be sold by Lanphere. These words were, it is said, stricken out at Lanphere's request, and the only effect of the evidence is its tendency to show that when the memorandum was drawn, appellant had in mind the idea of limiting the time within which Lanphere could earn a half interest in the profits, to one year; an idea inconsistent, as it seems to us, with appellant's testimony that the land was held by him as partnership property belonging equally to both.

This written instrument must be held to embody the final understanding and agreement between the parties, whatever may have been the previous oral propositions or agreements. This principle is so well understood and so universal in its application that it is scarcely necessary to cite authority; but as its applicability in this case is disputed, reference may be made to such cases as Clark v. Mallory, 185 Ill. 227–232, where it is said : "Intention of the parties is not to be determined from previous understandings or agreements, but must be ascertained from the instrument itself which they execute as their final agreement, otherwise written evidence of an agreement would amount to nothing;" and Evans v. Hanson, 42 Ill. 234–237, where it is said : "All anterior negotiations and propositions, as well as guarantees, if made, were merged in the articles of partnership and this receipt." See also, Coey v. Lehman, 79 Ill. 173–177; Miltimore v. Ferry, 171 Ill. 219–225; Gardt v. Brown, 113 Ill. 475–479.

It is urged that the fact the parties were to share profits makes them *prima facie* partners, though nothing be said about losses. "There is no absolute rule of law that a

Pierpont v. Lanphere.

participation in the profits renders the participant a partner. It is only a presumption of the law which prevails in the absence of controlling circumstances, but is controlled by them." Niehoff v. Dudley, 40 Ill. 406–409. While it is not now necessary to show an agreement to bear losses to make one liable as a partner, yet where the sharing in the profits is merely "the measure of compensation for services, or for the use of property or money in the business," or by one acting merely as an employe, partnership liability is not thereby created. There must be such a relation between the parties as that " each of them is a principal and each an agent for the other." Fougner v. First National Bank of Chicago, 141 Ill. 124– 126. In the present case, according to the written memorandum made by appellant and hence to be taken as expressing his understanding of the relation between the parties, no partnership in the purchase of the land existed. The memorandum was made subsequently to the purchase, and was an independent transaction, even though in contemplation of the parties when appellant made the purchase through Lanphere as agent of the seller. Mayfield v. Turner, 180 Ill. 332–337. Other cases involving a similar state of facts are Stow v. Robinson, 24 Ill. 532; Le Moyne v. Quimby, 70 Ill. 399–406; see, also, Stevens v. Faucet, 24 Ill. 483.

There were no profits, and it is not probable that under present conditions there ever will be. It is not necessary, therefore, to consider what the relations of the parties would have been in that event; but it is conceded that they might have been partners in the profits if there had been any. See Smith v. Gear, 59 Ill. 381; Winstanley v. Gleyre, 146 Ill. 27; Roby v. Colehour, 135 Ill. 300.

Appellant seeks an accounting upon the theory that the parties were partners as between themselves in the purchase of the land. Failing to establish this relationship, he is not entitled to the relief sought. No reason appears why Lanphere could not acquire title to the note in controversy without accounting therefor to appellant. The judgment of the Superior Court must be affirmed.