JOHN R. GLORE, Respondent, v. E. P. DAWSON, Admr., etc., Appellant.

**Kansas City Court of Appeals, April 4, 1904.**

1. PARTNERSHIP: Evidence: Profits. Sharing equally the net profits of a mercantile business is prima facie evidence of partnership but is not conclusive and may be rebutted.

2. ——: ——: ——: Verdict. The evidence in the record was sufficient to support the verdict that the plaintiff was an employee and not a partner.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*H. S. Booth, James H. Whitecotton* and *Charles J. Walker* for appellant.

(1) Defendant's intestate did not execute and deliver the contract. It is in the handwriting of Glore, the plaintiff. (2) But if this contract was executed and delivered then it, together with the evidence in the case, establishes a partnership between the plaintiff and Dawson and under this contract the plaintiff was to receive or withdraw from the business $50 per month and in addition was to receive one-half the net profits, and said profits were to remain permanently in the business until "we sell out or disagree." Bank v. Althemer, 91 Mo. 190; Lengle v. Smith, 48 Mo. 276; Torbett v. Jeffrey, 161 Mo. 645. (3) But above and beyond all else the evidence clearly shows that there were no proofs in the business. (4) The court erred in giving the instruction offered by the plaintiff.

*Joe H. Cupp* and *Arthur Bruton* for respondent.

(1) From the evidence in this case, it is plainly to be seen that W. E. Dawson owned and controlled the entire stock in trade, made all contracts and agreements and created all liability pertaining to the business of harness and saddlery, and that the plaintiff, J. R. Glore, was a mere hireling or servant of said W. E. Dawson, and it nowhere appears in the evidence that he ever had or exercised any authority, control or management of the business other than that of laborer and salesman; but it does appear in evidence that he was to receive as compensation for his services as laborer and salesman $50 per month and one-half the net profits if any. Campbell v. Dent, 54 Mo. 325; Bank v. Outhwaite, 50 Mo. App. 124; Deyerle v. Hunt, 50 Mo. App. 541; Martin v. Cropp, 61 Mo. App. 607; State ex rel. v. Finn, 11 Mo. App. 546.

ELLISON, J.—This case originated in the probate court of Boone county where plaintiff presented his claim against the estate of W. E. Dawson, deceased, represented by the defendant as administrator. The probate court allowed the claim in an amount something less than asked by plaintiff. Defendant thereupon appealed to the circuit court of Boone county where plaintiff again prevailed.

The claim is founded principally upon the following instrument signed by plaintiff and the deceased:

"Centralia, Mo., May 1, 1898.

"It's agreed that J. R. Glore draws $50 per month and half of net profits and profits to remain in business unless we sell out or disagree and then money is due J. R. Glore at once. W. E. Dawson to pay for all goods worked in shop.

"W. E. DAWSON,
"J. R. GLORE."

The defense is based on the contention that plaintiff and deceased were partners and that as there were many partnership debts outstanding, and as there had been no settlement of the partnership estate, plaintiff's claim could not be allowed, at least prior to an adjustment of the partnership affairs.   Ross v. Carson, 32 Mo. App. 148.   The plaintiff's theory is that plaintiff was an employee of deceased for a compensation of $50 per month and one-half of the net profits of the business.

Sharing equally the net profits of a mercantile business is prima facie evidence of a partnership.   But it does not conclusively establish the partnership relation as the presumption arising from proof of such fact may be rebutted.   Torbert v. Jeffrey, 161 Mo. 645.

In this case there was an abundance of evidence to rebut the theory of a partnership between plaintiff and the deceased.   In the first place, we reject the idea advanced by defendant that the writing itself establishes a partnership as a matter of law.   The most that can be said of it is that it falls short of showing either that there was, or was not, a partnership.   In other words, it is not conclusive of the question at issue.   It is an incomplete instrument.   But taking what it does show, in connection with the evidence in plaintiff's behalf, and it affords abundant ground for the conclusion of the probate judge and of the jury in the circuit court, that there was no partnership but a mere employment of plaintiff with a part of his compensation to be a share of the net profits of the business.   The verdict being for the plaintiff, we have only to ascertain from the record whether there was any substantial evidence tending to sustain it; it is not our province to weigh the evidence to ascertain what, in our view, the verdict should have been.   The evidence of the statements of deceased and the book entries in his handwriting is highly persuasive of the correctness of the verdict, so far as the question of partnership is concerned.

So we think there was evidence and reasonable in-

ferences to be drawn therefrom, which support the plaintiff's case as to deceased signing the contract above set out, and that there were profits in the business; indeed, there was evidence of deceased admitting he owed the plaintiff more than the verdict.

It is suggested in support of the only criticism on the instructions for plaintiff that one of them authorized the jury to find a verdict for all of the profits, instead of one-half. We do not think that is a fair construction of the meaning of the instruction and in view of the evidence, upon which it is based, we do not think it could have been so understood.

After a careful examination of the whole record we are satisfied that we have no right to interfere with the judgment and it is accordingly affirmed. All concur.