BEASLEY, APPELLANT, *v.* BERRY ET AL., DEFENDANTS; BERRY, RESPONDENT.

(No. 2,225.)

(Submitted January 11, 1906.  Decided February 10, 1906.)

*Partnership—Employee Sharing Profits—Appeal.*

Appeal—New Trial—When Order Granting will be Affirmed.
     1. Where the order sustaining a motion for a new trial is general, it will not be disturbed on appeal if it can be sustained upon any ground of the motion.
Partnership—Employee Sharing Profits.
     2. The mere fact that an employee, engaged to buy and handle sheep for his employer, to purchase feed for them and generally to have charge of the latter's business, was to receive one-third of the profits,

in addition to a fixed compensation of $75 per month, did not constitute him a partner, where it appeared that the business was carried on in the employer's name, by whom all funds were furnished, and who had never permitted himself to be held out as a partner with the employee.

Partnership—Sharing Profits.

3. While the sharing of profits is some evidence that a partnership exists, it is not conclusive proof of it.

*Appeal from District Court, Sweet Grass County; Frank Henry, Judge.*

ACTION by W. W. Beasley against Ralph Berry and C. R. McDaniels. Plaintiff had judgment. Defendant Berry moved for a new trial, and from an order granting such motion plaintiff appeals. Affirmed.

*Mr. A. G. Hatch,* for Appellant.

The Code definition of a partnership is the same as is given by Parsons, by Story and by Kent (Parsons on Partnership, 6; Story on Partnership, sec. 2; 3 Kent's Commentaries, 23), and while the parties associating themselves may not declare it a partnership, the court will declare the legal effect of the agreement. (*Kelly* v. *Bourne,* 15 Or. 476, 16 Pac. 43.) A contract of partnership is where parties join together their money, goods, labor or skill, for the purpose of trade or gain and where there is a community of profits. (*Ward* v. *Thompson,* 63 U. S. (22 How.) 330, 331, 16 L. Ed. 249; *O'Donohue* v. *Bruce,* 92 Fed. 858, 35 C. C. A. 52; *In re Beckwith & Co.,* 130 Fed. 475.) As to liability of partners in nontrading partnership, see Lindley on Partnership, 2d Am. ed. (Ewell), 361; *McDonald* v. *Clough et al.,* 10 Colo. 59, 14 Pac. 121; *Manville* v. *Parks et al.,* 7 Colo. 128, 2 Pac. 212; Greenleaf on Evidence, 13th ed., sec. 485. The general principle which lies at the foundation of a partner's liability is that every partner has full and absolute authority to bind all the partners by his acts or contracts in relation to the business of the firm, in the same manner and to the same extent as if he had full powers of attorney from all of the members.

(*Manville* v. *Parks,* 7 Colo. 128, 2 Pac. 212; *Hefferlin et al.* v. *Karlman et al.,* 29 Mont. 146, 74 Pac. 201.)

*Mr. E. M. Hall,* for Respondent.

Evidence showing nothing more than the mere sharing of a certain portion of the profits is not sufficient proof to sustain an allegation of partnership, where the same is denied in the answer. (*Parchen et al.* v. *Anderson,* 5 Mont. 438, 51 Am. Rep. 65, 5 Pac. 588.)   See, also, George on Partnership, pp. 37, 38, 43, for a full discussion and citation of authorities on profit-sharing as evidence of partnership.   (*Hunter* v. *Conrad,* 18 Mont. 183, 44 Pac. 523; *Omaha & Grant Smelting Co.* v. *Rucker,* 6 Colo. App. 334, 40 Pac. 853; *Buttler* v. *Hinkley,* 17 Colo. 523, 30 Pac. 252; *Porter* v. *Curtis,* 96 Iowa, 539, 65 N. W. 824; *Appeal of Hamper,* 51 Mich. 71, 16 N. W. 236; *Quackenbush* v. *Sawyer,* 54 Cal. 441; *Prince* v. *Lamb,* 128 Cal. 126, 60 Pac. 689; *Coward* v. *Clanton,* 122 Cal. 454, 55 Pac. 147.)   The testimony shows that Berry and McDaniels were not partners in fact.   If not partners in fact, the plaintiff must prove that Berry, either intentionally or by want of ordinary care, so acted as to make him liable as a partner to third persons.   (*Buttler* v. *Hinkley,* 17 Colo. 523, 30 Pac. 252; *Harris* v. *San Diego Flume Co.,* 87 Cal. 528, 25 Pac. 758; *Robinson* v. *Nevada Bank,* 81 Cal. 109-113, 22 Pac. 478; *Rodgers* v. *Peckham,* 120 Cal. 238, 52 Pac. 483.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1901 W. W. Beasley and Nat C. Beasley were copartners engaged in the live stock and commission business in Sweet Grass county.   There was a dissolution of the firm and W. W. Beasley succeeded to all of its interests.   This action is brought by W. W. Beasley, successor of W. W. Beasley & Son, to recover certain commissions alleged to have been earned by the firm for services performed **under contract** with Ralph Berry and C. R.

McDaniels, who, it is alleged, were at the time the contract was made partners engaged in handling sheep.

There appears to have been no service upon defendant Mc-Daniels. Defendant Berry answered denying all the material allegations of the complaint. A verdict was rendered in favor of plaintiff and judgment entered thereon. Defendant Berry moved for a new trial, which was granted, and from the order granting it plaintiff appealed. One of the grounds of the motion for a new trial is insufficiency of the evidence to show that a partnership existed betwen Berry and McDaniels, or that Berry had ever permitted himself to be represented as a partner of McDaniels. The statement on motion for new trial specified other alleged errors, but the foregoing will be sufficient for our consideration.

The order sustaining the motion for a new trial is a general one, and it will not be disturbed if it can be sustained upon any ground of the motion. (*Gillies* v. *Clark Fork Coal M. Co.*, 32 Mont. 320, 80 Pac. 370.)

The contract sued upon, if made at all, was made with Mc-Daniels. There is no pretense that Berry knew anything about it, that he ever permitted himself to be held out as a partner with McDaniels, or that he ever ratified what McDaniels had done. Respecting the existence or nonexistence of any partnership relation between Berry and McDaniels, the evidence is, that Berry employed McDaniels to buy and handle sheep for him, to rent ranches to winter them on, to buy feed for them, and generally to have charge of the business under Berry's directions. McDaniels' compensation was fixed at $75 per month and one-third of the profits, if any, of the business. Berry's explanation of this arrangement is that McDaniels was an experienced sheepman whose services were worth more than $75 per month, and therefore the allowance of one-third of the profits, if any, was made.

Plaintiff offered testimony to the effect that McDaniels had represented that he and Berry were partners *in the profits of the business.* McDaniels denies that he made such representa-

tions, but does not deny that he was to receive one-third of the profits of the business as a part of his compensation. Both Berry and McDaniels deny that they were partners. There is a direct conflict in the evidence as to whether McDaniels made the contract the breach of which is made the occasion for bringing this action. The proof does show that the business was carried on in Berry's name, that all funds were furnished by Berry, and that McDaniels did not have any interest in the business as such.

Appellant relies upon section 3180 of the Civil Code, which is as follows: "Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them"; and contends that the facts disclosed above, with reference to which there is not any controversy, show that Berry and McDaniels were partners as defined above. In other words, it would seem that appellant contends that the sharing of profits is made the conclusive test of a partnership. The next succeeding section of the Code, however, provides that "a partnership can be formed only by the consent of all the parties thereto  *  *  *."

Section 3191 provides that "the interest of each member of a partnership extends to every portion of its property." Section 3240 provides that "all profits made by a general partner, in the course of any business usually carried on by the partnership, belong to the firm." Section 3253 provides that "no one is liable as a partner who is not such in fact," except as provided in section 3252, which reads: "Anyone permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, and who, on the faith thereof, give credit to the partnership."

It is not contended that Berry permitted himself to be represented as a partner with McDaniels and therefore he is not liable as a partner unless he was such in fact.

Does section 3180 above make the mere sharing of profits the decisive test of a partnership? That it does not do so is

apparent. Under the very next section of the same Code the consent of Berry was necessary to the formation of a partnership, and there is a total failure of proof of any such intention on his part, while the proof does show a contrary intention. When sections 3180, 3191, 3240 and 3253 above are considered together, the meaning of section 3180 is made plain. In order to constitute Berry and McDaniels partners, in addition to the mere sharing of profits, if any, they must have associated themselves for the purpose of carrying on the business together; that is, the business must have been partnership business; the funds for investment, partnership funds; the property purchased, partnership property; and the profits, if any, partnership profits.

Of course, one partner may contribute funds and another labor; but when the funds are set apart for the purpose, they become partnership funds. The very nature of a partnership excludes the idea of master and servant or employer and employee.

The sharing of profits is some evidence that a partnership exists, but it is not conclusive proof of it. The mere fact that an employee receives as his wages, in whole or in part, a percentage of the profits of the business in which he is engaged, does not of itself constitute him a partner.

The views herein expressed coincide with those of the supreme court of California, under a Code definition of a partnership identical with our own (California Civil Code, section 2395; *Cowan* v. *Clayton*, 122 Cal. 451, 55 Pac. 147), and with the general views expressed in modern decisions and in textbooks. (*Pierpont* v. *Lauphere*, 104 Ill. App. 232; *Padgett* v. *Ford*, 117 Ga. 508, 43 S. E. 1002; *Bauer* v. *Wilson et al.* (Tex. Civ. App.), 79 S. W. 364; *Altgelt* v. *Alamo Nat. Bank* (Tex. Civ. App.), 79 S. W. 582; *Texas & P. Ry. Co.* v. *Smissen et al.*, 31 Tex. Civ. App. 549, 73 S. W. 42; *Glore* v. *Dawson*, 106 Mo. App. 107, 80 S. W. 55; *Gentry* v. *Singleton* (C. C. A.), 128 Fed. 679; *Dawson Nat. Bank* v. *Ward*, 120 Ga. 861, 48 S. E. 313; *Porter* v. *Curtis*, 96 Iowa, 539, 65 N. W. 824; *Holbrook* v. *Oberne*,

56 Iowa, 324, 9 N. W. 291; *Kootz* v. *Tuvian,* 118 N. C. 393, 24 S. E., 776. See, also, 22 Am. & Eng. Ency. of Law, 31, and cases cited; 2 Current Law, 1107; 4 Current Law, 909.)

In the absence of any showing that Berry knew anything about the representations made by McDaniels, if any were made, that he ever represented McDaniels as his partner, had ever permitted himself to be held out as such, or ever ratified Mc-Daniels' contract with Beasley & Son, if any was made, the decisive test as to whether a partnership actually existed was one of intention of the parties—an intention to carry on the business together and share the profits as joint owners of the partnership property. (George on Partnership, 53.) The question of agency independently of the partnership is not presented.

In view of the evidence disclosed by this record and what has here been said, it was not error for the district court to grant the motion for a new trial, and the order is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.

