# W. A. MINGUS, Respondent, v. BANK OF ETHEL, Appellant.

### Kansas City Court of Appeals, March 29, 1909.

1. **PARTNERSHIP: Contract: Profits: Intention.** The sharing in the profits may raise the presumption of a partnership but such may be rebutted by the intention of the parties as disclosed by the nature and effect of the whole contract, and the contract under judgment did not constitute a partnership since one of the parties was only to participate in the profits alone as his sole compensation.

2. ———: **Banks and Banking: Deposit: Parties.** In an action against a bank to recover a deposit the fact that plaintiff may have been a partner in the deposit is no defense unless it is brought to the court's attention by demurrer or answer under the statute.

3. **BANKS AND BANKING: Application of Deposit: Mistake.** The rule that all money on deposit or acquired in the course of business by the bank to the credit of the maker of the note may be applied to discharge the note has no application where the bank did not acquire the deposit in the course of business but as the result of mistake, which it was requested to correct.

4. **MONEY HAD AND RECEIVED: Nature of Action.** Action for money had and received lies where the defendant has obtained possession of the money under conditions which in equity and good conscience he ought to pay over to the plaintiff; and where the defendant obtained possession by mistake and not for value he cannot be said to have an equitable claim thereto.

5. ————: **Mistake: Petition: Evidence: Variance.** Objection that the petition alleged a mistake in sending the proceeds of a certain sale of hogs to the defendant and the evidence showing the mistake was in the billing clerk of the shipping carrier, is held technical and not reaching the merits of the controversy, the evidence merely showing how the mistake occurred and the reason why the funds were sent as averred.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Dysart & Mitchell, R. W. Barrow* and *Nat M. Lacy* for appellant.

(1) Where a depositor is indebted to a bank by bill, note or other form of indebtedness the bank may apply so much of the depositor's funds to the payment of his matured indebtedness as is necessary to discharge it. Sparrow v. Bank, 103 Mo. App. 338; O'Grady v. Bank, 106 Mo. App. 336; Ehlerman v. Bank, 14 Mo. App. 591; Zane on Banking, sec. 130, p. 204; Bank v. Bank, 102 Mo. App. 357. (2) Plaintiff cannot sue on one cause of action and recover on another. York v. Bank, 105 Mo. App. 127. (3) Payment by bank of the customer's check, with the mere verbal direction of another customer to pay said check out of the latter funds, is not paying for the property the first customer purchases. It is merely paying the first customer's money on his order. The fact that the customer drawing the check may have no money in the bank does not alter the matter. Kolloch v. Emmert & Co., 43 Mo. App. 566; Commission Co. v. Boggs, 78 Mo. App. 28; Bank v. Bank, 58 Mo. App. 17. (4) The sharing of

net profits is held to be a partnership, and on the same facts as in the case at bar the court in Torbert v. Jeffrey, 161 Mo. 645, held that an ordinary partnership existed between one who furnishes the money and one who furnishes the labor and skill, the net profits to be divided between them. The money held by the appellant is a partnership fund and respondent cannot maintain an action therefor. Torbert v. Jeffrey, 161 Mo. 645; Tambloin v. Scott, 11 Mo. App. 46; Tyler v. Waddingham, 8 L. R. A. 657; Caldwell v. Miller, 127 Pa. 442; Waugh v. Carver, 2 H. Blackstone (Eng.) 235; 1 Bates on Partnership, secs. 18, 28, 35.

*Guthrie & Franklin* for respondent.

(1) Before a banker can apply a deposit to the payment of the depositor's debt to the bank the deposit must be legally and equitably the property of the depositor. If the deposit is not both legally and equitably the depositor's it cannot be applied to his debt. Zane on Banks and Banking, sec. 140. (2) The deposit by the Chicago bank of the money in the defendant bank in the name of Windle shows no ownership by him. It requires the acceptance of Windle to raise a presumption of ownership. There is in all this record no hint of any such acceptance. Leech v. Bank, 99 Mo. App. 685. (3) Windle owned no part in this deposit whatever. It simply through an accident, mistake or oversight came into the possession of the defendant, labeled with Windle's name. That fact did not make it his property either in law or in equity, but it remained in law and in equity the property of Mingus. (4) The fact that the Citizens' Bank under the arrangement between the parties paid the checks drawn by Windle out of the Mingus money in no way made the payment a payment by Windle, nor did it make the Citizens' Bank a creditor of Windle nor Windle its debtor. The fact is, that the checks drawn and signed by Windle was Mingus' checks as much as if the latter had writ-

ten his own name. (5) The sharing in the net profits did not make Windle a partner of Mingus. A part of the profits was his wages—his salary. Glore v. Dawson, 106 Mo. App. 107; Hardware Co. v. McCleverty, 89 Mo. 158; Hazell v. Clark, 89 Mo. App. 83; Hughes v. Ewing, 162 Mo. 295. (7) If there was a defect of parties, defendant has waived it. He neither demurred, as required by section 598, nor raised the question in his answer as required by section 602, Revised Statutes 1899. Hat Co. v. Hombs, 127 Mo. 398; Finney v. Randolph, 68 Mo. App. 557; Bank v. Fudge, 109 Mo. App. 190. (8) There is no merit in appellant's objection that plaintiff is suing on one cause of action and recovering on another. The action is to recover money had and retained by defendant which belongs to and ought to be paid to plaintiff. It is immaterial how defendant got it. It has "the possession and in equity and good conscience ought to pay it over to the plaintiff." Such is the law of Missouri. Banking Co. v. Commission Co., 195 Mo. 288; Stuyvaert v. Arnold, 122 Mo. App. 426; Greiler v. Duncan, 121 Mo. App. 390; Harrison v. Lakenan, 189 Mo. 599. (9) The judgment is for the right party and must be affirmed. There is no defense shown. Railroad v. Sloop, 200 Mo. 219; Levels v. Railroad, 196 Mo. 618; Foster v. Railroad, 112 Mo. App. 73.

BROADDUS, P. J.—This is a suit for money had and received. The facts are, that in the early part of the year 1907 the plaintiff, Mingus, was engaged in the business of buying and shipping stock to the Chicago market. He had in his employ in the business W. J. Windle and also one, Ed Bailey. The financial part of his business was transacted through the Citizens' Bank at Ethel, Missouri, where he lived. When stock was purchased by either one of his agents, the name of the agent was signed to the check in payment for the stock purchased, and the agent was required to

mark on the check the number of the stock paid for and their kind. These checks, by an arrangement with said bank, were honored and charged to the account of plaintiff. Neither Bailey nor Windle furnished any money for that purpose.

Windle was paid for his services one-half of the profits, if any, realized on each shipment. If there were no profits, he received nothing. All loss in the business was borne by plaintiff. However, prior to this arrangement, the agents named had been doing business on a different arrangement, during which Windle had become indebted to the defendant, for which he had executed his note for the sum of $850 dated July 10, 1906.

Just prior to April 25, 1907, plaintiff through the agent of the Santa Fe Railroad at Ethel ordered a car to transport a load of hogs to Chicago, which were to be shipped in his name. By the time they got the hogs ready the train whistled for the station and the agent, in making up the contract of shipment and waybill, inserted the name of Windle as owner instead of that of the plaintiff, but at the bottom of the contract plaintiff's name also appears as the owner of the stock. The evidence conclusively showed that the hogs were the property of plaintiff, and that it was the purpose to ship them to Chicago in his name as such owner, and that by mistake they were shipped as stated. The hogs were consigned to the commission firm of Alexander, Ward & Conover at Chicago and by them sold, and the net amount realized, of $1,029.49, was remitted to the defendant bank in the name of Windle. The defendant applied enough of the proceeds to extinguish the debt of Windle, which left a surplus of $140.44, for which he was given credit on the books of the bank. Soon thereafter, Windle, failing to get return for the hogs through the Citizens' Bank, made inquiry of the defendant bank, when he was informed that the remittance had arrived. Windle informed the cashier that

the hogs shipped belonged to plaintiff and that the proceeds therefor belonged to him.    The plaintiff also claimed the proceeds, but defendant denied his right thereto.

The judgment was for the plaintiff, from which defendant appealed.    It is the contention of defendant that the evidence showed that plaintiff and Windle were partners; therefore, plaintiff could not recover in the present form of action.

It is said that "as a community of losses is a necessary corollary of a participation in the profits, a partnership may as well be predicated of an agreement to share net profits as an 'agreement to share the profits and losses, and the same rule applies.    Hence, 'participation in the profits of a business raises the presumption of the existence of a partnership.    This presumption is not conclusive, but if not rebutted is sufficient to establish a partnership.' . . .    Where one party contributes the capital and the other the labor, skill or experience for carrying on a joint enterprise, such a combination constitutes a partnership, unless something appears to indicate the absence of a joint ownership of the business and profits.    Such absence of joint ownership is indicated when from the whole contract it appears that the party contributing his services is to receive a share of the profits merely as compensation for his services."    [Torbert v. Jeffrey, 161 Mo. l. c. 655.]

"An agreement between the owner of a farm and another, by which the latter and his wife in conjunction with the owner shall work together on the farm, the proceeds of their joint work and labor to be shared together, is a contract of partnership.    It is not a contract for hire and wages and cannot be sued on as such."    [Plummer v. Trost, 81 Mo. 425.]    Where plaintiff was an employee for a compensation of $50 per month and one-half of the net profits of the business, it is held that a sharing of the profits did not under

the facts in the case constitute him a partner. [Glore v. Dawson, 106 Mo. App. 107.]

Under the foregoing decisions, which seem to be in accord with the general ruling in this State, the question of partnership is to be determined from the "intention of the parties as disclosed, not by particular expressions, but by the nature and effect of the whole contract." [Torbert v. Jeffrey, supra.] We are of the opinion that the contract itself fairly rebuts the presumption of a partnership between plaintiff and Windle. The language of the agreement between plaintiff and Windle that the latter was to receive for his services *in buying and shipping stock to market onehalf of the net profits to be derived from the business,* if any, did not indicate an intention of the parties to form a partnership, but indicated an intention that Windle was to receive a share of the profits merely as compensation for his services. And the further agreement that Windle should show on checks to be drawn on plaintiff's bank account, in payment for stock to be bought, the kind and number purchased, goes to show that Windle was merely an employee of the plaintiff, and thus to rebut any presumption of a partnership if it existed.

And the defense, that plaintiff and Windle were partners and as such entitled to the deposit, cannot avail defendant for the reason that, if the latter was a necessary party to the proceeding, defendant should have availed itself of that defense in the manner pointed out by the code, by either filing a demurrer to the petition or answer setting forth such partnership. The defendant having done neither, the objection was waived. [R. S. 1899, sec. 602.]

Defendant invokes the rule, "that where a depositor is indebted to the bank by bill, note or other indebtedness, the bank has the right to apply so much of the funds of the depositor to the payment of his matured indebtedness as may be necessary to discharge the

same." And that, "All funds of the depositor which the bank has at the date of the maturity of the discounted note, or afterwards acquired in the course of business with him, may be applied to the discharge of his indebtedness." [Sparrow v. Bank, 103 Mo. App. 338.] And so it is held in Bank v. Carson, 32 Mo. 191, and other Missouri cases. The rule has no application to the facts of this case, for the reason that defendant did not acquire the check as a deposit "in the course of business" with Windle. Windle did not make or authorize the deposit with defendant. It was the result of a mistake, which both Windle and plaintiff asked its cashier to correct.

The plaintiff calls to our attention the following, "The action for money had and received is one favored in law, and the tendency is to widen its scope. It is a flexible form of action, levying tribute on equitable, as well as strictly legal, doctrines. It has become axiomatic that the action runs where defendant has received or obtained possession of the money of plaintiff which in equity and good conscience he ought to pay over to plaintiff." [Banking Co. v. Commission Co., 195 Mo. 262.] In that case, it was held that the money on deposit was the property of plaintiff and, unless defendant received it with clean hands, it was liable to plaintiff for the proceeds. And the court further said that "the principle, 'Where one of two innocent parties must suffer, the loss must fall on him who afforded the opportunity for the wrong,' is applicable to negotiable instruments. And in any case the party invoking it must be an innocent party, that is, a party who holds the paper *bona fide* and for value."

The defendant, having obtained possession of the funds by mistake and not for value, cannot be said to have any equitable claim to such funds. In other words, its hands are not clean. No injustice is done defendant in compelling it to surrender the deposit, as it parted with nothing in the transaction.

Defendant insists that, as the petition alleges the mistake in sending the proceeds of the sale of the hogs to defendant was made by the commission company at Chicago, plaintiff is not entitled to recover on his evidence that the mistake, if any, was made by the railroad in shipping the hogs in the name of Windle. This contention is only of a technical nature and does not go to the merits of the controversy. As the evidence went to show the facts as to the manner in which the hogs were shipped and the reason why the funds realized from the sale of the hogs were sent to defendant in the name of Windle, it does not seem that defendant was prejudiced in the least by the variance between the allegations of the petition and the proof. The judgment was for the right party and ought to be affirmed, and it is so ordered. All concur.