J. E. WILLIAMS, Appellee, v. C. L. HERRING et al., Appellants.

PARTNERSHIP:   The Relation—Sharing Profits ·but not Losses.   A
sharing in both profits and losses is essential to the existence
of a partnership.   So held where one of the alleged partners
received a stated wage, plus a percentage of *profits*, but in no
wise bore any of the *losses.* ·

TRIAL:   Method of Trial—Numerous Involved but Non-Mutual Ac-
counts.   The mere fact that issues will require an examination
and consideration of an *exceptionally* large number of credit
and debit items of non-mutual accounts presents no ground for
transfer from law to equity.   *Convenience* in trying the cause
is not ground for transfer to equity.

PRINCIPLE APPLIED:   Defendant established a wholesale
and retail oil business *for which he furnished the entire capi-
tal.*   Plaintiff was to *manage* the business for five years at a
certain wage per month, and in addition, was to have (a) 30%
of the yearly profits, and (b) the right at any time to buy 30%
of the business at the cash value thereof.   All accounts attend-
ing the business were kept under plaintiff's direction and super-
vision as manager.   After some four years, plaintiff brought
action to recover (a) the said 30% profits, and (b) damages,
because of defendant's failure to allow plaintiff to buy 30% of
the business.   To determine these issues involved an examina-
tion and consideration (1) of many leases and contracts run-
ning for different terms, (2) of the expense attending the' erec-
tion of buildings, tanks, and equipment, (3) of the items of
depreciation on the equipment, and (4) of the condition of the
accounts for the purchase and sale of the·oils handled, and for
help, advertising, etc.   Manifestly, these different and varied
items were *very* large.   *There were no mutual accounts between
the parties.*   *Held*, no grounds for equitable jurisdiction were
made to appear.

*Appeal from Polk District Court.*—T. H. GUTHRIE, Judge.

DECEMBER 11, 1917.

REHEARING DENIED MARCH 15, 1918.

ACTION at law to recover compensation upon a contract, and damages for an alleged violation thereof. Defendant moved to transfer the trial to equity, and this appeal is from the judgment of the district court overruling said motion.—*Affirmed.*

*Clark & Byers,* for appellants.

*George A. Wilson,* and *Ayres, Strauss & Shaw,* for appellee.

1. PARTNERSHIP: the relation: sharing profits but not losses.

STEVENS, J.—I. Plaintiff's petition, which is in two counts, is based upon the alleged violation by defendant of certain terms of a written contract, entered into on the 21st day of March, 1913, between the parties hereto, by the terms of which the defendant agreed to establish a wholesale and retail oil and gasoline business, as a department of the business at that time conducted by him in the city of Des Moines, for the purpose of handling oils and gasoline of all kinds and description at wholesale and retail, same to be conducted as a branch to the principal business of defendant. All necessary capital up to $50,000 was to be furnished by the defendant, the business to be located, so far as possible, in the buildings then occupied by defendant, the office facilities, credit rating, and other branches thereof to be employed and used in the conduct thereof without charge, except a pro rata charge for overhead expenses, based upon the actual cost to defendant of the items of rent, light, heat, office expenses, and materials furnished. Plaintiff agreed to devote his entire time and attention to the management of the department of the business referred to in said contract, for which it was agreed that he should receive as full com-

pensation $125 per month, payable monthly, and in addition thereto, 30% of the net profits of said business, to be determined annually as of the 31st day of December of each year, and to be divided and distributed as soon thereafter as convenient. It was further agreed that said contract should be in full force and effect for a term of five years, and plaintiff was therein given the option personally to, at any time during the life of said contract, purchase any part of the said business covered by said contract, up to 30% of the actual amount invested therein, without any addition for good will, the purchase price thereof to be the cash value of the amount purchased, to be determined by the net charge upon the books of defendant to the department covered by said contract, showing the actual amount invested therein.

Plaintiff, in Count 1 of his petition, alleges that he entered into said business and continued therein until on or about April 1, 1917; that he has received as compensation $125 per month only; and that the net income of said business, during the time he conducted same, was $40,000: and he prays judgment against the defendants for 30% thereof, or $12,000. For a second cause of action, he alleges that, on or about the 15th of March, 1917, and during the life of said contract, and while he was yet in the employ of defendant, he sought to exercise his option, under the terms thereof, to purchase 30% of the value of the department of defendant's business covered thereby, but that defendant refused to convey same to him, or carry out the terms thereof in relation thereto; that the value of said business exceeded the actual amount invested therein in the sum of $45,000: and he prays judgment upon this count of his petition for $13,500, and in the full sum of $25,500.

The defendant, for answer to plaintiff's petition, admitted the execution of the contract, and the payment of $125 per month, and denied the remaining allegations thereof. Defendant, for further answer, alleges that defendant

entered into contracts and leases for the right to use and occupy the real estate necessary for the conduct of said business; that same extends over a long period of years; that defendant contracted for and erected large buildings, oil tanks, and other equipment for the handling and conduct of business covered by said contract; that defendant purchased a large stock of oil and other products, which was continuously replenished, from time to time, in the conduct of said business; that defendant employed a large force of salesmen, stockmen, bookkeepers, and other employes, and expended large sums in advertising and placing the products of said business on the market; that the business was conducted by plaintiff as manager; that the books showing the transactions of said business were kept under the direction of plaintiff; and that same are in the possession of the department of defendant's business covered by said contract; that the same contain a vast number of items of debit and credit; that said business should be charged with the expense of buildings, leases, tanks, and equipment of every kind, together with the numerous items of expenses incident to the carrying on of said business; and that, in determining whether said business yielded a net income, it will be necessary to examine and go over all of the items upon said books, and the transactions of said business, and also the question of depreciation of the value of buildings and equipment; and that same can only be properly and efficiently done by an accounting: and he moved that this cause be transferred to equity for trial, which motion was by the court overruled.

The foregoing is a sufficient statement of the issues to indicate the grounds upon which appellant seeks to have the trial of this cause transferred to equity. The contention of appellant is that the relation between the parties is in the nature of a partnership, and that this action cannot be maintained until there has been a determination by a

court of equity whether the business conducted by the plaintiff in fact yielded a profit. There is no controversy between the parties but that, if the contract created a partnership relation, this cause should be transferred to equity and the accounts there adjusted; but it is quite clear that no such relation was created by the contract or is shown by the pleadings to exist between the parties. Plaintiff was under no provision of the contract to share in the losses of said business, and same was to be conducted as a department or branch of the business in which defendant was at that time engaged, under the name of the Herring Motor Company.

It has been repeatedly held by this court that participation in the profits of a business alone does not constitute a partnership. There must be a sharing of losses. *Porter v. Curtis,* 96 Iowa 539; *Winter v. Pipher & Co.,* 96 Iowa 17; *Haswell v. Standring,* 152 Iowa 291. The contract considered in *Porter v. Curtis,* supra, was, in its provision for a share of the profits, quite like the contract involved in this controversy. In that case, the court said:

"It is very plain that the contract, as expressed in the writing, is not a contract of partnership. It is a hiring at a stated salary of $1,200 a year, and a share of the profits. Porter undertook to devote his time to the business of the defendants as an engineer and draftsman, and attend the letting when it became necessary. It is well settled in this state that a mere participation in the profits of a business does not constitute a partnership as between the parties. There must be a sharing of the losses."

All of the capital of said business was to be furnished by appellant up to $50,000, and appellee was to have no interest in the capital or equipment of said business, unless he purchased and paid therefor on the basis set forth in said contract, but was to receive, as additional compensation, 30% of the net income of said business, to be ascer-

tained and paid as provided in said contract. The plead-
ings do not show that the relation of partners existed be-
tween the parties.

II.   The principal contention of counsel for appellant,
however, is that the ascertainment of the net income, if any,
of said business necessarily involves the examination and
consideration of all of the items of income
received and expense incurred in the conduct
of said business; that numerous other ques-
tions, such as depreciation in the value of
buildings and equipment, taxes, losses, etc.,
must be considered; and that the number of items involved
is so great that same can be properly tried and determined
only by a court of chancery.

2. TRIAL: method of trial: numerous involved but non-mutual accounts.

Plaintiff alleged in his reply that there is no dispute
between the parties as to the "amount of commodities pur-
chased and sold by the plaintiff and defendant under said
contract; that there is a dispute as to certain charges for ex-
pense and depreciation, and of not exceeding twenty-five
items; that the defendant has now and has had in his pos-
session all the books and records in relation to said busi-
ness."   Of course, the allegations of plaintiff's reply are not
controlling; but, as plaintiff was in charge of and managed
the business covered by the contract, the statements thereof
afford some insight into the probable extent of the actual
controversy between the parties.   Attached to plaintiff's
petition is a series of interrogatories, intended to elicit from
defendant a full and complete statement of the items of debit
and credit shown upon the books of said business.   It does
not appear from the pleadings that there are mutual ac-
counts to be considered, but rather that all of the accounts
are on one side, and that the trial of the first count of plain-
tiff's petition involves only the determination of the question
whether said business yielded a net income.   Undoubtedly,
the number of items on the books and the transactions cov-

ered by the period of said business will be cumbersome and difficult to present to a jury; and yet, so far as the pleadings disclose, the accounts are not complicated or intricate, but vast in point of numbers. It is a matter of common experience that, in the trial of cases of this character, items of account not in dispute are practically eliminated by agreement of counsel, and that accounts involving great numbers of items and vast sums of money are presented in such a way as to reasonably be within the understanding and comprehension of a jury.

Plaintiff, in the first count of his petition, seeks to recover 30% of the net income of the business in question. Appellant alleges that the books were kept under plaintiff's directions, and are in the office where same were kept. Apparently, the principal reason for seeking a transfer of this cause to equity is that same can there be much more conveniently, and probably more efficiently, tried than at law. Conceding that this is true, yet the pleadings do not disclose a controversy arising out of a matter cognizable in a court of equity, and the relief sought upon the first count is for a sum alleged to be due as compensation, and upon the second count, for damages based upon an alleged violation of one of the provisions of said contract. The question of mutual accounts is not, under the pleadings, involved. The fact that the controversy involves a large number of items of debit and credit arising out of many business transactions, and that same could be more conveniently tried to the court, is not a ground of equitable jurisdiction. The test is not whether the cause can be more conveniently or satisfactorily tried and determined by the court than by a jury, but the accounts must be mutual, requiring an accounting, or there must be some other ground of equitable cognizance not shown to exist in this case. *McMartin v. Bingham,* 27 Iowa 234; *Faville v. Lloyd,* 140 Iowa 501; *Galusha v. Wendt,* 114 Iowa 597; *Marks Hat Co. v. Slatnik,* 178 Iowa

370; *Bradford E. & C. R. Co. v. New York, L. E. & W. R. Co.,* 123 N. Y. 316 (25 N. E. 499).

In our opinion, plaintiff's cause of action upon both counts was properly brought at law, and he is entitled to a trial thereof by jury. The ruling and judgment of the district court are—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.