ROBERT E. HAMILTON, APPELLANT, *v.* E. A. HUSON ET AL., RESPONDENTS.

[Submitted February 25, 1898. Decided March 21, 1898.]

*Mining Claim—Trespass—Pleading—Denial—Waiver.*

1. MINING CLAIM—*Trespass.*—In an action for trespass for cutting timber upon placer mining ground, plaintiff based his claim of ownership upon actual possession, and not by virtue of a location under the laws of the United States; defendants had not cut any timber from any portion of the claim actually occupied by plaintiff. *Held,* that a motion for non-suit was properly granted.
2. PLEADING—*Denial—Waiver.*—The answer denied "every material allegation in the complaint." *Held,* that plaintiff not having objected at the trial, could not upon appeal question the sufficiency of the answer.

*Appeal from District Court, Fergus County. Dudley Du Bose, Judge.*

ACTION by Robert E. Hamilton against E. A. Huson and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*Frank E. Smith* and *C. B. Nolan*, for Appellant.

*Carpenter & Carpenter, Walsh & Newman* and *Rudolph Von Tobel*, for Respondents.

PEMBERTON, C. J.—Plaintiff alleges in his complaint that he is the owner, in possession, and entitled to the possession, of three certain placer mining claims in Fergus county. He alleges that in February, 1897, the defendants wrongfully entered upon these mining claims, and cut down a large amount of timber and trees growing thereon; that they are removing the same, and threaten to continue to cut down and carry away the timber. Plaintiff asks for damages, and for a perpetual injunction restraining the defendants from cutting down and removing the timber.

The answer denies the allegations of the complaint as to the ownership and possession of the mining claims in controversy, as well as the allegations as to damages and sets up affirmatively that defendant Huson is the sole owner of the premises in dispute. Defendant Maloy disclaims any interest in the ground, and alleges he was an employe of defendant Huson.

By stipulation, the allegations of new matter contained in the answer are denied.

At the close of plaintiff's evidence, the defendants filed the following motion for a nonsuit: "Defendants move at this time for a nonsuit on the following grounds, to-wit:

"First, that the evidence does not show any title or right of possession in the plaintiff.

"Second, that the evidence does not show any actual possession by the plaintiff of the premises described in the complaint or any part thereof.

"Third, that the evidence does not show any damage to the plaintiff.

"Fourth, that the evidence does not show that the defendants, or either of them, or their agents, were guilty of any trespass upon the premises described in the complaint, or any of them, either by cutting trees or otherwise; that the evi-

dence does not show that the damage, if any, resulting from the cutting of the timber, would be irreparable; that the evidence does not show that the plaintiff, or his grantors, are citizens of the United States, or have declared their intention to become such.''

This motion was granted by the court. Judgment was rendered for defendants for costs. From this judgment, and an order overruling a motion for a new trial, this appeal is prosecuted.

As disclosed by the record, plaintiff claimed to own, and be entitled to the possession of, the mining claims in question, as the purchaser thereof from the Buchanan Brothers and one Brooks, who, it is contended, located the claims in the year 1881. It is also contended that the Buchanans relocated the mining claims in 1888. The relocation notice is in the record. It is defective, in that it is not sworn to by any one. After the introduction in evidence of the certified copy of the deed from the Buchanans and of the relocation notice, plaintiff discovered that the notice of relocation of the claims was invalid; and thereupon abandoned his claim to a right of recovery, on the ground of title or right of possession to the ground, by reason of any valid location of the mining claims having ever been made, and sought to recover solely on the ground of actual possession. So that we are not called upon to determine any question as to the location of the mining claims or the validity of any notice of location. These questions are all eliminated from the case by the plaintiff's voluntary abandonment of them on the trial.

Did the plaintiff, then, have any such possession of the mining ground in controversy as would enable him to recover in this case? The ground in controversy is mining ground, and this case must be determined by the law in relation to such land.

In *Belk* v. *Meagher*, 104 U. S. 284, it is said: "The right of possession comes only from a valid location. Consequently, if there is no location, there can be no possession under it.''

In *Garfield Mining and Milling Co.* v. *Hammer*, 6 Mont.

53, 8 Pac. 155, this court said:   "Therefore, when the re-
spondent's claim of ownership and right to the possession
were put in issue by the answer, it devolved upon the respond-
ent to show affirmatively upon the trial that it had complied
fully with all the requirements of the act of congress and the
local rules and regulations relative to the location of mining
claims; that is, that it had made a valid location."

In *McKay* v. *McDougal*, 19 Mont. 488, 48 Pac. 988, this
court said: "When it comes to establishing the fact of owner-
ship, if at issue, then plaintiff must support his pleading by
claim from a paramount source of title, or by evidence of
compliance with the mining laws of the United States and of
the state."

In this case there is no pretense of a valid or any other kind
of location of the mining claims in dispute; hence there could
be no such possession as would enable plaintiff to recover.

Even if it be conceded that plaintiff was entitled to the pos-
session of that part of the mineral land in question which he
actually occupied and was mining, still there is no evidence
that the defendants cut any timber or trees thereon, for the
evidence shows that the defendants cut no timber at a point
nearer than from 800 to 1,500 feet from the ground actually
occupied by plaintiff.   The mining ground the plaintiff claims
to be in the actual possession of runs up the creek for more
than one mile and a half, and is from 100 feet to 20 rods wide.
It makes all the crooks and turns of the stream.   The plaint-
iff claims to be mining, and is in actual possession of, only a
small portion of this remarkable strip of ground, near the end
thereof furthest down the creek.   It is ridiculous to say that
he is in actual possession of all this strip of land, or that by
virtue of such possession, he has a right of action for damages
against a party who cuts timber thereon 800 or 1,500 feet
away from the portion in his actual possession.

Counsel for appellant say the authorities hold "that if a
person having possession of a part of a claim not properly lo-
cated makes a transfer of the property by deed, describing
the same by metes and bounds, to a grantee, and the grantee

claims by virtue of such transfer, this would give constructive possession to the whole tract as against a mere intruder,'' and cite authorities in support of this position.    But in the case at bar the plaintiff is not claiming under a deed from a grantee who claims under any sort of a location.    Plaintiff abandoned on the trial of the case all pretended title under the deed from the Buchanans, and all right to the possession of the mining claims by virtue of any location or compliance with the mining laws.    He claims by virtue of actual possession alone. There is not a particle of evidence in the case showing, or tending to show, that the defendant ever intruded upon, or cut down and removed, any timber from any ground of which the plaintiff had actual possession.    We think the evidence of plaintiff, taken as a whole, did not show or tend to show that he was entitled to any judgment or relief against the defendants.

Counsel for appellant contend that the denial in the answer ''of every material allegation in the complaint is not sufficient,'' and that plaintiff is entitled to judgment on the pleadings.    In the court below, the parties treated the denial as good and sufficient, and the case was tried on that understanding.    This question cannot be raised now, the parties having treated the pleadings as sufficient in the court below.

The judgment and order appealed from are affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.