McCORMICK, RESPONDENT, *v.* STIMSON ET AL., APPELLANTS.

(No. 3,833.)

(Submitted December 4, 1917.   Decided December 17, 1917.)

[169 Pac. 726.]

*Partnership—What Constitutes—Evidence—Insufficiency.*

Partnership—Intention to Form—Evidence—Insufficiency.
1.   A partnership being a matter of agreement, express or implied, of the parties constituting it, a finding that defendants were partners, where there was nothing to show that they intended to assume those liabilities which the law attaches to a partnership, *held* unsupported by the evidence.

[As to what constitutes a partnership, see note in 115 Am. St. Rep. 400.]

Same—Ostensible Partner—Insufficient Evidence.
2.   Where the evidence did not show that S. permitted himself to be held out as a partner of C., or that he or the person extending the credit knew he was being represented as such, but did disclose that S.'s financial responsibility did not enter into the transaction and that credit was given to C. individually, S. could not be held as an ostensible partner of C. as defined by section 5491, Revised Codes.

[As to intent as essential to creation of partnership, see note in Ann. Cas. 1916E, 440.]

Same—Who Liable as Partner.
3.   Unless one is a partner in fact, or an ostensible partner, he cannot be held liable as a partner, under Rev. Codes, section 5492.

*Appeal from District Court, Missoula County; Theo. Lenz, Judge.*

ACTION by George McCormick against C. Stimson and A. L. Crawford.   Judgment for plaintiff and C. Stimson appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. A. J. Lowary,* for Appellants.

An agreement to contribute labor or property in consideration of receiving a part of the profits of some enterprise does not create a partnership, where such profits are paid as com-

On effect of agreement to share profits to create a partnership, see note in 18 L. R. A. (n. s.) 963.

pensation for the thing contributed. (*Denny* v. *Cabot*, 6 Met. (47 Mass.) 82; *Nantasket Beach Steamboat Co.* v. *Shea,* 182 Mass. 147, 65 N. E. 57; *Smythe's Estate* v. *Evans,* 209 Ill. 376, 70 N. E. 906; *Thornton* v. *McDonald,* 108 Ga. 3, 33 S. E. 680; *Hanthorn* v. *Quinn,* 42 Or. 1, 69 Pac. 817; *Rider* v. *Hammell,* 63 Kan. 733, 66 Pac. 1026; *McDonnell* v. *Battle House Co.,* 67 Ala. 90, 42 Am. Rep. 99; 30 Cyc. 383.)

"A person not, in fact, a partner, cannot be made liable to third persons on the ground of having been held out as a partner, except upon the principle of equitable estoppel, that he authorized himself to be so held out, and that the plaintiff gave credit to him." (*Central City Sav. Bank* v. *Walker,* 66 N. Y. 424.) In the case of *Thompson* v. *First Nat. Bank of Toledo,* 111 U. S. 540, 28 L. Ed. 507, 4 Sup. Ct. Rep. 689, Mr. Justice Gray says: "No person can be fixed with liability on the ground that he has been held out as a partner, unless two things concur, *viz.*: First, the alleged act of holding out must have been done either by him or by his consent; and, secondly, it must have been known to the person seeking to avail himself of it. In the absence of the first of these requisites, whatever may have been done, cannot be imputed to the person sought to be made liable, and in the absence of the second, the person seeking to make him liable has not in any way been misled."

*Mr. John P. Swee, Mr. Albert Besancon* and *Mr. L. I. Wallace,* for Respondent.

We call attention to the following authorities which have held business arrangements almost identical with this to be partnerships: *Berthold* v. *Goldsmith,* 24 How. (U. S.) 541, 16 L. Ed. 762; *Yeoman* v. *Lasley,* 40 Ohio St. 190; *Lomme* v. *Kintzing,* 1 Mont. 290; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960; *Flower* v. *Barnekoff,* 20 Or. 132, 11 L. R. A. 149, 25 Pac. 370; *Mudd* v. *Bates,* 73 Ill. App. 576; *Buchanan* v. *Edwards* (Tex. Civ.), 51 S. W. 33; *Atchison, T. & S. F. Ry. Co.* v. *Hucklebridge,* 62 Kan. 506, 64 Pac. 58; *Cogswell* v. *Wilson,* 11 Or. 372, 4 Pac. 1130; Story on Partnership, sec. 2; 3 Kent's Commentaries, 23.

"Where an agreement provides that one party shall furnish money for the purchase of stock, that the other shall purchase such stock and care for it for a certain time; and that it shall then be sold, and the profits or losses be divided in a prescribed manner, such agreement constitutes a partnership." (*Mudd* v. *Bates, supra.*) In the case at bar it is not disputed that Stimson and Crawford were to share the profits, if any, derived from their business enterprise, and we therefore contend that they were partners in fact. (*Harvey* v. *Childs,* 28 Ohio St. 319, 321, 22 Am. Rep. 387.)

"One may estop himself from denying his liability as a partner where such relation does not exist in fact, by holding himself out as such, or by negligently permitting one to do so with whom he is engaged in business." (*Rider* v. *Hammell,* 63 Kan. 733, 66 Pac. 1026.) In support of our contention of liability by estoppel, we also cite the following: *McMurtrie* v. *Guiler,* 183 Mass. 451, 67 N. E. 358; *Burritt* v. *Dickson,* 8 Cal. 113; *Dutcher* v. *Buck,* 96 Mich. 160, 20 L. R. A. 776, 55 N. W. 676; *Parchen* v. *Anderson,* 5 Mont. 438, 51 Am. Rep. 65, 5 Pac. 588; *Downie* v. *Savage,* 72 Wash. 164, 129 Pac. 1096; *Walker Bros.* v. *Skliris,* 34 Utah, 353, 98 Pac. 114; *Rider* v. *Hammell,* 63 Kan. 733, 66 Pac. 1026; *Wilson* v. *Roelofs,* 88 Ill. App. 480.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover $52.50 alleged to be due plaintiff for work done by him, $50 for pasturage furnished by H. O. Bakken, the claim for which was assigned to plaintiff, and $50 for pasturage furnished by Arthur Reilly, the claim for which was assigned to plaintiff. It is sought to fasten liability upon defendant Stimson upon the theory that he and defendant Crawford were copartners. Crawford admitted his individual liability for each of the $50 claims and for $37.50 of the labor claim. Stimson denied liability altogether, and each defendant denied that any partnership existed. The trial resulted in a judgment against both for the full amount of the

claims, and from that judgment, and from the order denying his separate motion for a new trial, Stimson appealed.

1. Were Stimson and Crawford partners? Section 5466, Revised Codes, defines the term "partnership." Section 5467, provides: "A partnership can be formed only by the consent of all the parties thereto." In other words, the intention of the parties is a controlling consideration. (*Beasley* v. *Berry,* 33 Mont. 477, 84 Pac. 791.) The evidence is undisputed that Stimson purchased a herd of cattle paying therefor some $22,000 and the freight from Norris to Ravalli; that he let these cattle to Crawford, who at his own expense was to feed and care for them for the term of three years; that the proceeds from the sales of any of these cattle were to belong to Stimson until he should be fully reimbursed for his entire investment, freight and taxes, and if, after that event, any profit was realized, it should be divided equally between them. Each of these parties testified that it was not his intention to form a partnership. There was not, according to the record, any property contributed to a common stock when this business venture was launched. The cattle belonged to Stimson and title was not to pass from him until he was fully reimbursed, and this contingency might never be realized.

A partnership results only from an agreement of the parties, [1] and though the agreement may be implied, as well as express, there must be evidence from which it can be said the parties consented to assume those liabilities which the law attaches to a partnership. There is no such evidence in this record. It was not the intention of either Stimson or Crawford that Stimson should be liable for any part of the expense of range riders or pasturage. Crawford agreed to bear this expense himself. Considering the rights and liabilities of Stimson and Crawford *inter sese,* they were not partners in fact. (*Hanrahan* v. *Freeman,* 35 Mont. 584, 90 Pac. 793; *Flathead County State Bank* v. *Ingham,* 51 Mont. 438, 153 Pac. 1005.)

2. May Stimson be held as an ostensible partner? Section [2] 5491, Revised Codes, provides: "Anyone permitting him-

self to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, and who, on the faith thereof, give credit to the partnership."

(a) There is not a scintilla of evidence that Stimson ever permitted himself to be held out as Crawford's partner, or ever knew that he was represented as such.

(b) There is not any evidence that plaintiff, Bakken, or Reilly knew that Stimson was being represented as Crawford's partner at the time the credit was extended; on the contrary, the evidence is fairly conclusive that not one of these parties knew that Stimson was actually or ostensibly interested in the business when his claim was contracted.

(c) The evidence is conclusive that the credit was not extended to a partnership but to Crawford individually. Stimson's financial responsibility did not enter into the transactions out of which these claims arose. There is not any evidence upon which Stimson can be held as an ostensible partner. Unless one is a partner in fact, or an ostensible partner, he cannot be held liable as a partner. (Sec. 5492, Rev. Codes.)

[3]

The judgment as against defendant Stimson and the order denying his motion for a new trial are reversed and the cause is remanded, with directions to enter judgment in his favor for costs.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.