BRESEE, RESPONDENT, v. SMITH ET AL., APPELLANTS.

(No. 5,654.)

(Submitted April 20, 1925. Decided May 4, 1925.)

[237 Pac. 492.]

*Partnership—Establishment of Relationship—Burden of Proof —Evidence—Insufficiency.*

Partnership—Establishment of Relation—Burden on Plaintiff.
1. Where one is sought to be held liable as a partner of another with whom plaintiff made the contract sued upon, the burden of establishing that defendant was a partner in fact or that he had permitted himself to be represented as such to plaintiff and that, on the faith of such representation, the latter had given credit to the partnership for the amount claimed by him is upon the plaintiff.

Same—Evidence Held Insufficient to Show That Defendant was Partner.
2. Evidence in an action against two defendants as alleged partners of a third with whom a contract of employment was made by plaintiff, *held* insufficient to establish the relationship or that defendants had represented themselves or had permitted themselves to be represented as partners to plaintiff.

1.  See 20 R. C. L. 849.

Same—Declarations of Alleged Partner That Defendant was Copartner
When Insufficient to Fasten Liability.
   3.  One cannot be held liable as a partner of another by statements
   made by the latter if not made with the knowledge, consent or in the
   presence of the former, or if not shown to have been brought home
   to him.

Appeal—When Supreme Court will Dismiss Complaint.
   4.  Where plaintiff had full opportunity to introduce all his evidence
   in support of his claim against defendants as alleged partners of a
   third with whom he made the contract under which he rendered ser-
   vices, but failed to produce sufficient to sustain a judgment against
   them, the cause will not be remanded for a new trial but with direc-
   tion to dismiss the complaint.

---

Appeal and Error, 4 **C. J.**, sec. 3226, p. 1189, n. 6.
Partnership, 30 **Cyc.**, p. 403, n. 51; p. 409, n. 91; p. 415, n. 28.

*Appeal from District Court, Missoula County; Theodore
Lentz, Judge.*

ACTION by C. L. Bresee against Margaret L. Smith, M. L.
McConnell and another, alleged copartners doing business under
the firm name of Stables of Registered Stallions.  From a judg-
ment for plaintiff, the named defendants appeal.  Reversed
and remanded, with direction to dismiss the complaint.

*Messrs. Russell & Madeen* and *Messrs. Mulroney & Mulroney,*
for Appellants, submitted a brief; *Mr. Charles A. Russell*
argued the cause orally.

The evidence is insufficient to prove the alleged partnership
relation of appellants with defendant Riley. (*Beasley* v.
*Berry,* 33 Mont. 477, 84 Pac. 791; *St. Paul Mach. Mfg. Co.* v.
*Bruce,* 54 Mont. 549, 172 Pac. 330; *McCormick* v. *Stimson,* 54
Mont. 272, 275, 169 Pac. 726; *Weiss* v. *Hamilton,* 40 Mont. 99,
105 Pac. 74; *Flathead County Bank* v. *Ingham,* 51 Mont. 438,
153 Pac. 1005; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.)

One cannot be held liable as a partner of another upon the
unauthorized statements of such other, unless by failure to
speak when he ought he, by his action or failure to act, misled
the third person to his injury. (*Bogue Supply Co.* v. *Davis,* 36

---

3.  See 20 **R. C. L.** 847.

Idaho, 249, 210 Pac. 577; *Lundin* v. *Davis,* 36. Idaho, 258, 210 Pac. 579.)

Declarations of an alleged partner not made in the presence of his copartners are not competent to prove the existence of a partnership. (*Cupples* v. *Stanfield,* 35 Idaho, 466, 207 'Pac. 326.) Statements made prior to performance of services as to how business was conducted may be relied on to create estoppel, but not subsequent statements. (*Great Am. Life Ins. Co.* v. *Howry,* 108 Kan. 807, 196 Pac. 1103.) That two or more persons are owners of property, does not create a partnership therein, or make them partners. (*In re Pittock's Estate,* 102 Or. 47, 201 Pac. 428.)

Partnerships are formed by agreement, and subsequent acts of parties cannot create partnership in absence of intention to enter into that relation. (*Berry* v. *Woodburn,* 107 Cal. 504, 40 Pac. 802; *Hammond* v. *Borgwardt,* 126 Cal. 611, 59 Pac. 121; *Behlow* v. *Fischer,* 102 Cal. 208, 36 Pac. 509.) Mere sharing of profits and losses is not sufficient to constitute partnership. (*Coward* v. *Clanton,* 122 Cal. 451, 55 Pac. 147; *Cadenasso* v. *Antonelle,* 127 Cal. 382, 59 Pac. 765; *Prince* v. *Lamb,* 128 Cal. 120, 60 Pac. 689.) Actual intention is necessary to constitute partnership *inter sese.* (*Wheeler* v. *Farmer,* 39 Cal. 203.)

*Mr. John E. Patterson* and *Mr. Dan J. Heyfron,* for Respondent, submitted a brief; *Mr. Patterson* argued the cause orally.

Defendants urge that the court erred in refusing to give their offered Instruction D–I, which is as follows: "The plaintiff alleges in his complaint that a partnership existed between the defendant Riley and the defendants Smith and McConnell as to the horse business mentioned in the complaint. The defendants Smith and McConnell have, in their answer, denied that such a partnership existed. This places on the plaintiff the burden of proving that such a partnership existed. If the

plaintiff fails to prove by a preponderance of the evidence that this partnership existed, then you should not find against Smith and McConnell for any amount and your verdict should be in their favor, irrespective of what your verdict shall be as to the defendant Riley.'' This offered instruction was improper in the first place for the reason that it would have been incorrect and misleading to the jury.

The appellants, for answer to plaintiff's complaint, set forth a general denial only. They did not demur on account of the misjoinder of parties, nor did they set forth by answer a misjoinder of parties. They are not, therefore, in a position to maintain that proof of partnership is essential, in order to hold any defendant otherwise than as a partner. In any event, the matter becomes nonprejudicial, inasmuch as all of the parties were held liable, and no injury could have resulted to the appellants.

The law is well established in this state that under such circumstances as appear in this case, and the issues presented, the plaintiff is entitled to recover from such defendants as he may show himself entitled to recover from, even though he fail to sustain an allegation of partnership. (See *Conklin* v. *Fox,* 3 Mont. 208, 210; *Logan* v. *Billings & Northern R. Co.,* 40 Mont. 467, 107 Pac. 415; *Chealey* v. *Purdy,* 54 Mont. 494, 171 Pac. 926; *Lee* v. *Hayden,* 63 Mont. 589, 208 Pac. 596; *Knatz* v. *Wise,* 16 Mont. 555, 41 Pac. 710.)

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this case states two causes of action, in each of which it is alleged that the defendants are copartners doing business under the firm name and style of Stables of Registered Stallions.

In the first cause of action the plaintiff alleges that, between the first day of May and the thirty-first day of August, 1917, the defendants employed him to sell stallions for them, and agreed to pay him as a compensation ten per cent of the

amount of sales made, and in addition thereto such expenses as he necessarily incurred; that he sold certain stallions, and incurred expenses in that connection, and by reason thereof there was due him from the defendants on that account the sum of $881.10, no part of which had been paid.

In the second cause of action plaintiff seeks to recover the sum of $2,482.81, alleged to be a balance due him from the defendants on account of work and labor performed, and expenses paid out by him, between the ninth day of September, 1917, and the second day of June, 1919, under an agreement therefor alleged to have been made with the defendants.

The defendants Smith and McConnell filed a joint answer, denying all the allegations of the complaint; defendant Riley filed a separate answer.

Trial was had before a jury, and resulted in a verdict and judgment in favor of the plaintiff and against all of the defendants for the sum of $1,378.40. Defendants Smith and McConnell made a motion for a new trial, which was denied, and they have appealed from the judgment. Defendant Riley has not appealed, hence Smith and McConnell alone will be referred to as appellants.

From the testimony, it appears that for some time prior to May 1, 1917, defendant Riley had been engaged in the business of selling registered stallions; that he maintained a place of business at Missoula, the stationery used in connection with which bore the inscription, "Stables of Registered Stallions, H. Riley, Manager."

The plaintiff was experienced in the business of selling stock of the kind handled by Riley, and about May 1, 1917, he and Riley alone entered into the arrangements set out in the first cause of action, and about September 9, 1917, these two entered into the arrangement which forms the basis of the second cause of action.

A partnership is the association of two or more persons for the purpose of carrying on business together and dividing the

profits between them, and can be formed only by the consent of all the parties thereto. (Secs. 7981, 7982, Rev. Codes 1921.)

"Anyone permitting himself to be represented as a partner, general or special, is liable, as such, to third persons to whom such representation is communicated, and who, on the faith thereof, give credit to the partnership." (Sec. 8006.) "No one is liable as a partner who is not such in fact, except as provided in the last section." (Sec. 8007.)

Plaintiff, having based the liability of the appellants on his [1] claim that they were partners of their codefendant Riley, he assumed the burden of establishing that they were such in fact, or that they had permitted themselves to be represented as such to him, and that, on the faith of such representations, he had given credit to the partnership to the extent of the amount claimed by him for his services and expenses. All the testimony introduced for the purpose of showing the existence of a partnership in fact, or that appellants had permitted themselves to be represented to him as such, was given by the plaintiff, and summarized is as follows:

(A) About May 20, 1917, plaintiff was at Florence for the [2] purpose of selling one of the stallions mentioned in the first cause of action. While he was there, Riley drove up in an automobile with appellants, met plaintiff in front of the stable where he had the stallion, and introduced plaintiff to the appellants, who remained in the automobile. Riley went in to look at the stallion, leaving the plaintiff talking with the appellants. What then occurred, as related by the plaintiff, was: The appellants asked him "if Riley had made any arrangements, and I said I was selling the horses on commission, and they said they were interested in these horses, that they had their money on them, and that Riley was selling them, and that they was glad he had got somebody, or to that effect."

(B) That in June, 1917, in a conversation with Riley referring to the stallions which he was then selling, Riley said to him that "they [Miss Smith and Mrs. McConnell] were furnishing

the money, and he was selling them. That is what Riley said, that they was furnishing the money, and he was selling them."

(C) Plaintiff testified to other occasions when Riley had made statements to the effect that Miss Smith and Mrs. McConnell were furnishing the money for the business, and he was running it.

(D) In another portion of his testimony, plaintiff said: "Well Riley told me that the women was furnishing the money, and he was furnishing the experience, and they were dividing the profits. Now that's the way, and also the women told me the same thing—that they were furnishing the money, and Riley was the salesman, and it was a partnership, and they divided the whole of it. Now that's the way they both told me."

(E) That in July, 1920, he had a conversation with Miss Smith and Mrs. McConnell in the Missoula Hotel, in which he told them that Riley owed him something over $3,000, and "they said they would see that I got my pay before they settled with Riley." In the same conversation they said, "if Riley had behaved himself here as he had over at the Falls they would have taken him in partnership on this hotel, just as they had over there on the horse business."

The appellants and their codefendant Riley each testified that no partnership ever existed between them in connection with the Stables for Registered Stallions, or any other.

Accepting the testimony embraced in the above paragraph A as true, it falls far short of establishing the existence of a partnership between the appellants and Riley. (*Flathead County Bank* v. *Ingham*, 51 Mont. 438, 153 Pac. 1005; *Beasley* v. *Berry*, 33 Mont. 477, 84 Pac. 791; *McCormick* v. *Stimson*, 54 Mont. 272, 169 Pac. 726; *Croft* v. *Bain*, 49 Mont. 484, 143 Pac. 960.)

The statements in paragraphs B and C, viewed in the light [3] most favorable to plaintiff, did not amount to a representation that the relation of partnership existed between the appellants and Riley (see cases above cited), and, even if they

did, there is no claim that they were made with the knowledge, consent or in the presence of the appellants, or either of them, or that they were communicated to them, or that they were ever brought home to them in any way; so, even if they were made, and had been sufficient to amount to a representation that a partnership relation existed, plaintiff could not predicate a recovery against the appellants upon them, under the provisions of section 8006.

Counsel for plaintiff seem to rely principally upon the testimony set out in paragraphs D and E above, as establishing a partnership. An analysis of these statements, however, in connection with the other evidence, discloses that the portion thereof attributed to Riley was made in September, 1917, after all the services mentioned in the first cause of action had been performed, and it was not shown to have been made in the presence of the appellants, or that they ever had any knowledge or notice of it, and, as above pointed out, in the absence of such proof these statements could not in any way bind the appellants.

The portions of the statement attributed to the appellants were made more than a year after plaintiff had performed all the services which he made the basis of his two causes of action, for he testified: "The first conversation I had with Miss Smith and Mrs. McConnell, in reference to their relation with Riley, was in the Missoula Hotel. That was in 1920, in June. I cannot just give the dates, but it was just before the Fourth." It is noteworthy that immediately following this last statement plaintiff gave the details of two or three conversations which he had with the appellants in the Missoula Hotel just before and just after the Fourth, and in none of them did he mention any statement like that contained in paragraph D, as having been made. It is also worthy of note that in these conversations in the Missoula Hotel the plaintiff claimed that Riley was indebted to him in about the sum of $3,000, and the most he

contends that appellants said to him was that "they would see that I got my pay before they settled with Riley."

As to the statements attributed to the appellants in the latter part of paragraph E, it appeared in evidence that appellants, before going to Missoula, resided in Great Falls, and while there had loaned Riley some money with which to purchase horses. This seemingly refers to a transaction having no connection with Riley's business in Missoula.

Giving to plaintiff the benefit of every inference which could legitimately be drawn from the foregoing testimony, it was wholly insufficient to justify a finding that a partnership in fact existed between the appellants and Riley, or that appellants had represented or permitted themselves to be represented as his partners. For this reason, the judgment cannot be sustained.

The bill of exceptions incorporated in the record contains all [4] of the evidence given at the trial. Section 8805, Revised Codes of 1921, says: "The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. * * * " The plaintiff had full opportunity to introduce all of his evidence in support of his claim against the appellants, but failed to produce sufficient to sustain a judgment against them. As said by the court in *State ex rel. La France Copper Co.* v. *District Court*, 40 Mont. 206, 105 Pac. 721: "No reason occurs to us why a plaintiff, having had one fair opportunity to make out his cause of action, should be accorded the privilege, after the defects in his case have been pointed out by this court, of supplying the deficiency by evidence which presumptively was not in existence when the first trial was had."

We think a proper disposition of this case requires that the judgment against the appellants should be reversed and the

cause remanded to the district court, with direction to dismiss the complaint as to them, and it is so ordered.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-LOWAY, GALEN and MATTHEWS concur.

Rehearing denied May 24, 1925.