MAASS, Appellant, *v.* PATTERSON et al., Respondents.

No. 8864

Submitted February 16, 1949.   Decided April 13, 1949.

204 Pac. (2d) 1040

Mr. Emmet O'Sullivan, of Harlowton, for appellant.   Mr. O'Sullivan argued orally.

Mr. John J. Cavan, of Harlowton, for respondents.   Mr. Cavan argued orally.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

Suit by Karl Maass, plaintiff, against Edwin A. Patterson and Jennie Patterson, defendants, to establish and foreclose a mechanic's lien. From a judgment of dismissal plaintiff appeals.

Amended Complaint. Three causes of action are united in the amended complaint.

The first cause of action is on an alleged *express* contract and seeks foreclosure of a mechanic's lien filed September 24, 1941 and to recover $116.50 and interest, costs and attorney's fee.

The second cause of action is based on an *implied* contract and seeks the same relief prayed for in the first cause of action.

The third cause of action is to recover $46, together with interest and attorney's fee, on an *implied* contract and seeks foreclosure of the same mechanic's lien pleaded in the first and second causes of action.

The second cause of action alleges: I. That plaintiff is a house painter and interior decorator; II. that at the special instance and request of defendants, Edwin A. Patterson and Jennie Patterson and upon their promise to pay the reasonable value thereof, plaintiff furnished materials and performed work of the reasonable value of $166.50 in cleaning and decorating the interior of defendants' dwelling; III. that the dwelling is located upon three described lots in the city of Harlowton, Montana; IV. that defendants were and are the owners of the described lands and premises; V. that the work was performed and the materials were furnished between the 13th and the 28th of June 1941, on which latter day the work was completed; VI. that on September 24, 1941, plaintiff filed for record his claim for a lien; VII. that plaintiff paid therefore a filing fee of fifty cents; VIII. that no part of the reasonable value of said labor and materials other than $50 has been paid and that there is due and owing therefor $116.50 and interest from June 28, 1941; IX. that to institute and prosecute this action and to collect the amount due, plaintiff employed Emmet O'Sullivan, an attorney at law, and has

become obligated for a reasonable attorney's fee in that behalf of $100.

The plaintiff may unite in the same complaint several causes of action belonging to only one of the various classes enumerated in section 9130, R. C. M. 1935, but such causes so united "must be separately stated and numbered."

In the amended complaint plaintiff designated his first cause of action as "First Count," the second cause of action as "Second Count" and third cause of action as "a further and second cause of action against said defendants."

Mr. Pomeroy in his work on Code Remedies, 5th Ed., sec. 336 at page 516 says: "All of the codes require that the different causes of action should be separately stated. In other words, each must be set forth in a separate and distinct division of the complaint or petition, in such a manner that each of these divisions might, if taken alone, be the substance of an independent action. In fact, the whole proceeding is the combining of several actions into one. At the common law, these separate divisions of the declaration were termed 'counts;' and that word is still used by text writers and judges, although, with one or two exceptions, it is not authorized by the codes; and it tends to produce confusion and misapprehension, since the common law 'count' was substantially a very different thing from the 'cause of action' of the new procedure. In one or two States, the term 'paragraph' is used to designate these primary divisions. The difficulty in the use of this term is that it is now very generally used in England, and in most of the States where the reformed system prevails, to designate the short subdivisions, or allegations, of facts into which each cause of action is separated, according to a mode of pleading which has become very common. The term 'cause of action' is perhaps as proper as any which can be used for the purpose. That such a separation should be made, and that each distinct cause of action should be stated in a single and independent division, so that the defendant may answer or demur to it without any confusion with others, is plainly indispensable to an orderly system of

pleading, and is expressly required by all the codes; and in some of the States the courts have strictly enforced the requirement, and have thereby done much to prevent the formal presentations of the issues to be tried from falling into that confused and bungling condition which exists to so great an extent in certain of the States." See also First Nat. Bank v. D. S. B. Johnson Land Mortg. Co., 17 S. D. 522, 97 N. W. 748; Bates v. Baumhauer, 239 Ala. 255, 194 So. 520.

Answer. Defendants filed a joint answer and counterclaim. As to the first cause of action defendants: Admit that about June 5, 1941 they entered into an agreement with plaintiff whereby he agreed to furnish the material and labor (a) for kalsomining the ceilings in the dining room, living room and hall of defendants' dwelling, (b) for painting the walls of said rooms and hall with three coats of paint, and (c) for applying a tiffany finish thereto; deny that such agreement was for washing the woodwork or for applying one coat of shellac and one coat of varnish thereon; allege that the woodwork was to be washed, sanded and that one coat of gloss varnish and one coat of flat varnish was to be applied thereto and that the work was to be done in a satisfactory workmanlike manner; admit that plaintiff entered upon the performance of his contract on or about June 13, 1941; admit the payment of $50 to plaintiff; admit that defendants' dwelling is located upon the lots described; admit that defendants were and are the owners of the described lands and premises; admit that the work was performed between the 13th and 28th of June, 1941 on which last named day said work and labor was completed and "deny all the allegations contained" in the first cause of action "not specifically admitted or denied in the answer."

For their separate answers to plaintiff's second and third causes of action "the defendants deny each and every *material* allegation therein contained."

Counterclaim. For a further defense and counterclaim defendants allege: That on June 5, 1941 they entered into an agreement with plaintiff whereby the latter agreed to furnish material

and labor in decorating the interior of defendants' dwelling in a satisfactory and workmanlike manner at an agreed price of $166.50; that on June 13, 1941 plaintiff entered upon the performance of his contract and partially performed same, but that he failed to perform the balance thereof and that he performed a part thereof in such a negligent and unworkmanlike manner that the woodwork is ruined to defendants' damage in the sum of $200 plus $100 as a reasonable fee for the services of defendants' attorney in defending this action.

Reply. Plaintiff did not question the sufficiency of the allegations of the answer by either motion or demurrer, but filed a reply denying each and every allegation of the affirmative defenses and of the counterclaim.

On such pleadings the parties deemed issue joined. Being ready for trial the cause was placed on the trial calendar. At the time set for trial the plaintiff was not present in court but was there represented by his counsel of record, Emmet O'Sullivan, Esq., while the defendants were present in person and represented by their counsel of record, Edwin A. Cavan, Esq.

Thereupon the following occurred:

"The Court: In Cause No. 2281, Maass v. Patterson, is the plaintiff ready for trial?

"Mr. O'Sullivan: Yes, Your Honor.

"The Court: Is the defendant ready?

"Mr. Cavan: Yes, Your Honor.

"The Court: It appearing to the Court that the trial of cause No. 2281, Maass v. Patterson, has come on for trial and the plaintiff and the defendants having answered that they are ready for trial, and it appearing to the Court that said cause is an equity cause and that there is a jury in attendance upon the court at the present time, it is ordered that a jury be called to try the issues in the case in an advisory capacity to the Court. Call a jury to try the cause." Thereupon a jury of twelve qualified men and women was duly empaneled and sworn to try the cause, and counsel for plaintiff made his opening statement to the court and jury.

Following the opening statement the record shows these proceedings:

"Mr. O'Sullivan: Before proceeding further in this matter, Your Honor, the plaintiff at this time wants the record to show that he elects to stand and proceed on the second count set forth in the amended complaint, and to waive the right to stand on the first count in said amended complaint.

"The Court: All right; call your first witness.

"Mr. O'Sullivan: Your Honor, I desire to be sworn.

"The Court: Any objection to the argument of counsel after he testifies?

"Mr. Cavan: No, no objection."

Thereupon plaintiff's counsel was duly sworn and, on interrogation by himself, testified as to the reasonable value of the services performed by him as an attorney at law in instituting and prosecuting the case on plaintiff's behalf.

At the conclusion of counsel's testimony the record shows the following proceedings had and taken:

"Mr. O'Sullivan: That is all.

"Mr. Cavan: No cross examination.

"The Court: Call your next witness.

"Mr. O'Sullivan: We rest, Your Honor.

"Mr. Cavan: We rest, Your Honor.

"The Court: Let the record show the plaintiff rests, and the defendant rests. That's a lawsuit, huh?

"Mr. Cavan: May it please the Court, the plaintiff having rested in open court and no evidence with reference to the merits of the action, proof of none of the allegations of their complaint having been presented, I move at this time that the action as against the defendants be dismissed.

"Mr. O'Sullivan: I respectfully submit there isn't any issue in the case.

"The Court: Ladies and gentlemen of the jury, you will remember the admonition I have given you several times heretofore, and we will recess for fifteen minutes.

"(After a short recess.) The Court: Are you satisfied, gentlemen, that all parties are present?

"Mr. O'Sullivan: Yes, Your Honor.

"Mr. Cavan: Yes, we are.

"The Court: Let the record show that the plaintiff and the defendant in the above action having rested, that the matter is taken under advisement by the Court, and that the plaintiff is given thirty (30) days from this date in which to prepare, serve and file a brief; that the defendant thereafter is given thirty (30) days in which to prepare, file and serve a brief, an answering brief, and the plaintiff is given ten (10) days for a reply brief. Now, ladies and gentlemen of the jury, this case is what the lawyers call an equity case, in which a jury is called merely in an advisory capacity. A question of law having been raised the Court does not deem there is an issue to be submitted to you, and you will be discharged. There is nothing further to consider, and I thank you."

The jury was discharged without objection whereupon plaintiff's counsel urged that while the denial in defendants' answer to plaintiff's first cause of action was proper and sufficiently joined issue on that cause of action yet, by waiving plaintiff's right to stand on the first cause of action and by electing "to stand and proceed" on his second cause of action to which defendants answered that they "deny each and every *material* allegation therein contained," that no issue was raised by the latter denial because of the incorporation therein of the word "material."

Had plaintiff challenged the denial by motion or demurrer before filing his reply or going to trial, all defendants would have been required to do in order to meet plaintiff's objection would be to simply strike the word "material" from the denial, as plaintiff well knew. Without making timely objection or apprising defendants' counsel and the court that he intended to challenge the pleading, plaintiff treated the cause as though issue had been joined, allowed the case to be placed on the trial

calendar, and then when the case was called for trial he announced that he was ready.

On the above highly technical contention disclosed for the first time in the midst of the trial plaintiff's counsel rested his case and declined to present to the court and jury any evidence in support of the allegations of the cause of action on which he had elected to stand other than the testimony of plaintiff's counsel, which testimony was directed solely to the reasonable value of the attorney's fees claimed. While plaintiff was afforded every opportunity to introduce any and all evidence that he had he refused to proceed. Thus did he have his day in court and thus did he spend it.

With plaintiff's evidence closed and after plaintiff had rested, the defendants likewise rested and immediately moved for a dismissal because of the failure of plaintiff's proof to establish a cause of action.

The trial court granted defendants' motion and made an order dismissing the case, and plaintiff has appealed.

The order of dismissal, inter alia, recites:

"An answer in the above form is insufficient for the reason that it is uncertain. No motion or demurrer was filed by plaintiff attacking the answer. No default was entered against defendants or motion for judgment on the pleadings made. The parties proceeded to trial as though the pleadings were sufficient to raise some issues to be tried. Under the foregoing it is the opinion of the Court that the plaintiff having proceeded to trial without raising the question until both plaintiff and defendants had rested, that the plaintiff waived the defect in defendants' answer. To hold that defendants, under the state of the pleadings and the circumstances, must be deemed to have admitted the truth of the averments in the complaint would be palpably unjust.

"It is the view of the Court that the answer to count two is not so defective as to amount to no answer at all; that the answer should have been attacked in one of the ways mentioned, and if not, the defect was waived. The same could have been

amended upon its being called to the Court's attention by striking therefrom the word 'material' without prejudicing plaintiff's action.

"An examination of the pleadings discloses that count one and count two of plaintiff's amended complaint are to all intents and purposes the same except that one is based upon contract and the other upon quantum meruit and that a sufficient denial was made as to count one.

"It is therefore ordered that the defendants' motion that plaintiff's action be dismissed, be, and the same is, hereby sustained and said action is accordingly dismissed."

Plaintiff's brief on this appeal states: "This court has held time and again that such denial is bad for uncertainty and raises no issue and admits the allegations of the pleading at which it is directed." As authority for the statement plaintiff cites and relies upon five decisions of this court, but a careful reading thereof discloses that none are applicable under such facts and circumstances as here obtain.

In Power v. Gum, 6 Mont. 5, 9 Pac. 575, plaintiff challenged the answer first by demurrer and next by motion for judgment on the pleadings. In the case before us the appellant directed no such attacks against the answer.

In Hamilton v. Huson, 21 Mont. 9, 53 Pac. 101, this court held that plaintiff not having challenged the answer in the lower court, could not question it on appeal.

In Missoula Mercantile Co. v. O'Donnell, 24 Mont. 65, 60 Pac. 594, 991, this court on motion for rehearing merely followed the rule announced in Hamilton v. Huson, supra.

Iu Burke v. Inter-State Savings & Loan Ass'n, 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416, the defendant challenged the plaintiff's reply which denied "each and every material allegation in said amended answer contained," urging that such reply was insufficient to raise an issue. In denying such contention the court said: "Such a denial is at least uncertain. But there was no objection in the court below to the form of the denial, and the cause was tried upon the assumption that the denial was suf-

ficient. Conceding that a reply was necessary to frame an issue upon the new matter in the answer, the objection that might have been interposed to the denial therein contained *was waived.* [Missoula] Mercantile Co. v. O'Donnel, 24 Mont. [65], 75, 60 Pac. [594], 991. To hold that the plaintiff, under these circumstances, must be deemed to have admitted the truth of the averments in the answer, would be palpably unjust." (Emphasis supplied.)

In Nelson v. Stukey, 89 Mont. 277, 297, 300 Pac. 287, 292, 78 A. L. R. 483, this court approved the holding of Burke v. Inter-State Savings and Loan Ass'n, supra, and said: "Here it is known what the affirmative allegations of the answer are, and, hence, the denial in the reply before us is sufficiently definite and certain, particularly in the absence of a motion to make it more so. 49 C. J. 337, 338.''

In the case at bar it was known what were the *material allegations* of that portion of the amended complaint on which plaintiff had elected to stand and it is quite apparent as hereinbefore shown that such allegations are each and all *material* in such an action, and that each and all were denied by the answer thereto, which answer followed the language of section 9137, R. C. M. 1935, and, in our view of the case, required that plaintiff make proof of such material allegations so pleaded by him.

Objections to the form of the denials are waived by going to trial without first challenging the pleading by motion, demurrer or other timely and proper objection. See 49 C. J. 260, sec. 329, and cases in notes 14 and 15 which show that a large majority of the courts have sustained the same or similar denials. See also: Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836; 49 C. J. 833-837, sec. 1234; 41 Am. Jur., "Pleading," sec. 396, page 565; Bancroft's Code Pleading, Vol. I, secs. 726, 729, 730 and 733.

When, upon stepping from the witness stand and being directed by the court to call his next witness, plaintiff's counsel announced, "We rest, your Honor." Thereby counsel voluntarily elected to submit plaintiff's case to the court for decision

upon his testimony alone. Not only did plaintiff decline to produce any other witnesses or proof, but, in effect, he announced that he had no more evidence to offer.

"On the trial of an action, a party is said to 'rest' when he ██ has no more evidence to offer at the particular stage of the trial." Ballentine's Law Dictionary, page 1132. Webster's New International Dictionary defines "rest" as follows: "Law. In practice, to bring to an end voluntarily the introduction of evidence, the right to introduce fresh evidence, except in rebuttal, being thereupon lost." Thus did plaintiff voluntarily forego and lose the right to introduce any further evidence in support of his case except in rebuttal had defendants offered evidence, but this they declined to do.

In Molt v. Northern Pac. R. Co., 44 Mont. 471, 483, 120 Pac. 809, 812, this court said: "It is claimed by respondent that appellant cannot rely upon the affirmative defenses of contributory negligence and assumption of risk, because they are not properly or sufficiently pleaded. * * * Appellant attempted to plead the two affirmative defenses, and in fact did plead the same, in general language, in accordance with the custom theretofore prevailing. The cause was tried on the theory that the defenses were sufficiently pleaded. No objection was made to the answer on that score in the court below. * * * The judgment and order are reversed, and, as the plaintiff *has had one fair opportunity to prove a cause of action,* and has failed, the district court is directed to dismiss the case." (Emphasis supplied.)

In State ex rel. La France Copper Co. v. District Court, 40 Mont. 206, 208, 105 Pac. 721, 722, this court said: "We confess, also, that we assumed that the plaintiff had, as she should have done, introduced all of the evidence which she could procure, and that a failure to prove so vital a matter as the cause of her husband's death was due to inability to do so, rather than neglect to offer evidence which it was in her power to produce. Any other conclusion would be a reflection upon counsel, which we should be loath to indulge."

In Gregory v. Chicago, M. & St. P. R. Co., 42 Mont. 551, 563,

113 Pac. 1123, 1127, this court said: "The plaintiff had full opportunity to introduce all of his evidence in support of the cause of action alleged, but failed to make a cause to go to the jury. The evidence introduced by the defendant did not strengthen or supplement his proof in any way. Under these circumstances, the court will not direct a new trial, but make such an order as will finally dispose of the case. State ex rel. La France Copper Co. v. District Court, 40 Mont. 206, 105 Pac. 721. The judgment and order are reversed, with direction to the district court to enter judgment for the defendant."

In Le Vasseur v. Roullman et al., 93 Mont. 552, 559, 20 Pac. (2d) 250, 252, this court said: "In an equity case, such as this, there is, technically, no such thing as a non-suit. Streicher v. Murray, 36 Mont. 45, 92 Pac. 36. Plaintiff submitted his case for decision upon proof which was not sufficient to justify a judgment in his favor. Presumably he offered all the evidence he had. As the case then rested, it presented only a question of law. 'Whether there is substantial evidence in support of plaintiffs' case is always a question of law for the court.' Flynn v. Poindexter & Orr Livestock Co., 63 Mont. 337, 207 Pac. 341, 348. It was incumbent on the court to decide the case, and there was but one way to decide it, and that was against plaintiff, or not at all. To hold that the court had reached an impasse would involve an absurdity. To the extent that the question is one of law it was decided upon the merits. It followed that plaintiff could take nothing."

In denying the motion for rehearing in Doyle v. Union Bank and Trust Co., 102 Mont. 563, 587, 590, 59 Pac. (2d) 1171, 1180, 108 A. L. R. 1047, this court said: "In the case before us the plaintiff was permitted to offer all of her proposed evidence. * * * Where the gist of the action was damages, as it is here, a failure to prove actual damages was a failure of proof."

In Harrington v. Montgomery Drug Co., 111 Mont. 564, 567, 111 Pac. (2d) 808, 810, this court said: "We are entitled to presume, since plaintiff alleged an express warranty but failed to prove it, that she was unable to furnish such proof and in con-

sequence the case will not be remanded for new trial, but the judgment will be reversed and the cause remanded, with directions that the action be dismissed.''

In Bresee v. Smith, 73 Mont. 312, 320, 237 Pac. 492, 494, this court said: ''The bill of exceptions incorporated in the record contains all of the evidence given at the trial. * * * The plaintiff had full opportunity to introduce all of his evidence in support of his claim against the appellants, but failed to produce sufficient to sustain a judgment against them. As said by the court in State ex rel. La France Copper Co. v. District Court, 40 Mont. 206, 105 Pac. 721: 'No reason occurs to us why plaintiff, having had one fair opportunity to make out his cause of action, should be accorded the privilege, after the defects in his case have been pointed out by this court, of supplying the deficiency by evidence which presumptively was not in existence when the first trial was had.' We think a proper disposition of this case requires that the judgment against the appellants should be reversed, and the cause remanded to the district court, with direction to dismiss the complaint as to them, and it is so ordered.''

The question presented by defendants' motion for dismissal was one of law for the trial judge to decide, and ''there was but one way to decide it, and that was against plaintiff * * *. To hold that the court had reached an impasse would involve an absurdity.'' Le Vasseur v. Roullman, supra. ''A determination by a court that, upon all the facts in the case, the plaintiff is not, as a matter of law, entitled to recover, is just as binding and conclusive upon him as a determination by the court or jury that his witnesses are not entitled to credit, and that he ought not to recover for that reason.'' Dunseth v. Butte Electric R. Co., 41 Mont. 14, 25, 108 Pac. 567, 570, 21 Ann. Cas. 1258.

The judgment of dismissal was on the merits and such judgment is affirmed.

Associate Justices Freebourn and Bottomly concur.

MR. JUSTICE ANGSTMAN (concurring in part and dissenting in part):

I do not agree with what is said in the majority opinion regarding the matter of numbering plaintiff's causes of action. Plaintiff saw fit to plead two causes of action. The first one was split into two counts designated "First Count," and "Second Count," and they were separately stated and numbered as such. The complaint then contained a second cause of action separately stated and numbered as such.

It should be noted that the "First Count" and the "Second Count" are for the same purpose, concern the same subject matter and are for the same amount and for the identical services. The only difference between them is that the "First Count" is on an express contract to pay the stated amount claimed, whereas the "Second Count" is on an implied contract to pay the same amount as the reasonable value.

This court has repeatedly held that it is proper for plaintiff to state the same cause of action in different counts in order to meet the exigencies of the case as presented by the evidence.

Blankenship v. Decker, 34 Mont. 292, 85 Pac. 1035; Neuman v. Grant, 36 Mont. 77, 92 Pac. 43; Fitzgerald v. Eisenhauer, 62 Mont. 582, 206 Pac. 685; Wilson v. Milner Hotels Inc., 116 Mont. 424, 154 Pac. (2d) 265; Sharp v. Sharp, 66 Mont. 438, 213 Pac. 799.

Plaintiff's counsel should not be criticized for scrupulously following a practice expressly approved by this court.

The complaint does not contain three causes of action as assumed in the majority opinion. The first cause is stated differently in each count to meet the exigencies of the proof.

Also I construe prior decisions of this court on the effect of a pleading "denying the material allegations" in a pleading differently from the conclusion reached in the majority opinion.

In Missoula Mercantile Co. v. O'Donnell, 24 Mont. 65, 60 Pac. 594, 991, 992, this court said: "Defendants, in their answer, first deny 'specifically and generally each and every material

matter and thing' contained in the complaint. Again, referring to the paragraph of the complaint containing this allegation, defendants deny 'that the whole of the material mentioned in said paragraph went into, and was used in the construction of, the building therein mentioned.' These *denials are clearly insufficient*. No objection was made to them in the district court, however, both parties and the court treating them as sufficient. Both plaintiff and defendants introduced evidence on the theory that the issue was sufficient. It is too late for the respondent to object for the first time in this court that there was no issue. It must be held to abide the result of the position assumed and maintained by it in the trial court." (Emphasis supplied.)

Here, however, plaintiff raised the point in the trial court and has consistently adhered to the view that the answer as to the "Second Count" and "second cause of action" raised no issue. Neither he nor the defendant introduced evidence on the assumption that issues were raised by this denial and there was no waiver of the point.

In Burke v. Inter-State Savings & Loan Ass'n, 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416, this court said: "The defendant suggests that the judgment should be affirmed because the reply is insufficient to raise an issue upon any of the allegations of new matter in the answer. This suggestion is based upon the ground that the plaintiff in his reply denies the 'material' allegations of the answer. Such form of attempted denial is bad, for the reason that it is equivalent to saying that the truth of such allegations as the court may decide to be material is controverted; thus rendering it impossible to determine from the reply what is intended to be traversed. Such a denial is at least uncertain. But there was no objection in the court below to the form of the denial, and the cause was tried upon the assumption that the denial was sufficient. Conceding that a reply was necessary to frame an issue upon the new matter in the answer, the objection that might have been interposed to the denial therein contained was waived."

In Hamilton v. Huson, 21 Mont. 9, 53 Pac. 101, 103, it was

said: "Counsel for appellant contend that the denial in the answer 'of every material allegation in the complaint is not sufficient,' and that plaintiff is entitled to judgment on the pleadings. In the court below, the parties treated the denial as good and sufficient, and the case was tried on that understanding. This question cannot be raised now, the parties having treated the pleadings as sufficient in the court below."

Again I repeat, the plaintiff here did no act or thing in the trial court that may be construed as a waiver of the right to assert that the answer raised no issue on the second count and the second cause of action. The case was not tried on the theory that the answer was sufficient to raise issues, but on the theory that it did not raise any issue. Plaintiff went to trial aided by the provisions of section 9178, R. C. M. 1935, which in part reads: "Each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true * * *"

The case of Nelson v. Stukey, 89 Mont. 277, 300 Pac. 287, 78 A. L. R. 483, was one in which the denial was of the "affirmative allegations" of a pleading and is of course different from that here where the denial is of the "material" allegations. The reason for the difference rests in the fact that the "affirmative" allegations may be readily ascertained, whereas there may be a wide difference of opinion as to what allegations are "material," and hence, as to the latter, the pleading is uncertain.

I think it is plain from our prior decisions that a denial such as that involved here is insufficient to raise issues. If that be so, and if the allegations are not otherwise controverted, then they stand admitted. Sec. 9178, supra. There are cases holding that such a denial is sufficient. They are listed in 49 C. J. 260, cited in the majority opinion. But Montana holds that such a denial is insufficient to raise issues and we must either adhere to the Montana view or overrule the prior decisions on the point. My associates refer to 49 C. J. 833, 41 Am. Jur., "Pleading," sec. 396, page 565, Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836, and other authorities as sus-

taining the contention that a party waives defects in a pleading by going to trial without objection. That of course is a fundamental rule with which I have no quarrel. It is not applicable here, however, because plaintiff is not counting upon any defect in the answer. He says in effect it is a good answer. In legal effect he says it is tantamount to an admission of the allegations of the second count and the second cause of action. If the denial in question were the only means of ascertaining the issues, I think plaintiff's position would be meritorious.

But I am able to concur in the view stated in the majority opinion that the answer was sufficient to raise issues but not for the reasons stated therein. I think the answer when considered as a whole raises issues despite the form of the denial.

I think had plaintiff endeavored in good faith to ascertain from the answer what facts were actually in dispute he could have readily done so.

A fair reading of the answer as a whole including the counterclaim will disclose that defendant admitted the making of the agreement as alleged in plaintiff's "First Count" but alleges that the work was not done satisfactorily as agreed. The real issue between the parties as fairly disclosed by the pleadings was whether the work was done satisfactorily.

I think, however, in view of the peculiar circumstances of this case that the cause should be remanded for trial. I reach this conclusion for this reason: The dismissal of the action, though perhaps technically correct under the circumstances, was caused by the fault of both counsel. The litigants have not had their case tried on its merits. The plaintiff's causes of action and the defendants' counterclaim ought not to be frittered away without trial and on some technicality arising because of misconceptions of legal principles contributed to by counsel for both parties. I am impressed with the action of the Supreme Court of Vermont in Vilas v. Seith, 108 Vt. 18, 183 A. 854, 856, where the action was dismissed by the lower court. The Supreme Court held the lower court acted properly but nevertheless remanded the case for further proceedings, saying: "While the record be-

fore us requires an affirmance of the decree, we are satisfied that plaintiff may have a meritorious case if it is properly presented, and in order that an injustice may not be done the case will be remanded for further proceedings. Hebard v. Cutler, 91 Vt. 218, 99 A. 879; Rice v. Bennington County Sav. Bank, 93 Vt. 493, 512, 108 A. 708; O'Boyle v. Parker-Young Co., 95 Vt. 58, 112 A. 385, and later cases. O'Boyle v. Parker-Young Co., supra, is directly in point. It there appeared that on the record the order of the Commissioner of Industries, which was adverse to the claimants, would have to be affirmed, but it appearing that this might do the claimants an injustice, the order was reversed pro forma and the cause remanded for further proceedings.'' To the same effect is Shea v. Pilette, 108 Vt. 446, 189 A. 154, 109 A. L. R. 933.

My associates attempt to draw a comparison between this case and Molt v. Northern Pac. R. Co., 44 Mont. 471, 120 Pac. 809; State ex rel. La France Copper Co. v. District Court, 40 Mont. 206, 105 Pac. 721; Gregory v. Chicago, M. & St. P. R. Co., 42 Mont. 551, 113 Pac. 1123; Le Vasseur v. Roullman, 93 Mont. 552, 20 Pac. (2d) 250, and other cases of similar import.

In those cases plaintiff submitted proof on the merits. The court simply held in them that since plaintiff had one fair opportunity to present all of his evidence, the court will assume that he introduced all that he had and would not remand the case for another trial. Here no evidence was introduced. Plaintiff chose this procedure because of prior holdings of this court that a denial such as we have here is insufficient. It being insufficient then section 9178 came to his aid and no proof was necessary. He was not wholly without some justification in believing that this court would adhere to those holdings and that they were applicable to this case.

I think it is unjust to the litigants to have the case go off on technical matters of procedure where there has been no semblance of a trial on the merits.

I realize it is generally improper to reverse a case where the district court has not been at fault. But in my opinion the

court could and perhaps should have avoided the situation presented here.

The rule is that where there is an express contract there can be no implied contract with reference to the same subject matter. 17 C. J. S., Contracts, sec. 5, page 321; 12 Am. Jur., "Contracts," sec. 7, page 505; Keith v. Kottas, 119 Mont. 98, 172 Pac. (2d) 306.

While as above stated plaintiff had the right to plead in one count an express contract and in the other an implied contract to meet the exigencies of his proof, where as here, the answer admits the express contract, there no longer can be an implied contract with reference to the same subject matter covered by the express contract, and in legal contemplation the count alleging an implied contract is no longer in the case. Plaintiff could not then elect to stand on the count charging an implied contract. Though no objection was made, I think the court on its own motion would have been justified in preventing plaintiff from making the election.

It is no different in principle than if plaintiff had elected to abandon all his pleadings and announced his purpose to try title to a tract of land claimed by him and defendant though there were no pleadings before the court in a quiet title action.

The case should be tried once. I think it presents so many mistaken notions, caused or contributed to by counsel for both sides, which prevented the litigants from having a trial, that it should be remanded for trial.

Since this is an equity case I think we plainly have the authority and discretion for good cause to order a trial or the taking of further evidence under the latter part of section 8805 and that we should do so in this case.

MR. JUSTICE METCALF:

I concur in the foregoing opinion of Mr. Justice Angstman.